GIBSON v. DENTON.

4-3774

Opinion delivered March 11, 1935.

*E. O. Owens* and *J. B. Floyd,* for appellants.

*H. J. Denton,* for appellees.

BUTLER, J. Action to set aside conveyance of lands as in fraud of creditors. The appeal is from a decree granting the prayer of plaintiff's complaint.

S. S. Gibson was indebted to the appellees and had been for a considerable time before the 19th day of November, 1932. They had been pressing him for payment and finally instituted suits against him, recovering judgments for their several debts. During the time he was indebted to the appellees and while they were endeavoring to collect from him, he conveyed to his mother, Mrs. Judy S. Gibson, two lots in the town of Cotter upon which stood a building. This property was worth approximately $1,000 and was all the property he owned. The court cancelled this conveyance as a fraud upon his creditors and from that decree he and his co-defendant, Mrs. Gibson, on appeal, complain that the decree is erroneous, (1) because it is against the preponderance of the evidence, (2) because it was the homestead of S. S. Gibson, and (3) because no guardian *ad litem* had been appointed to defend for Judy F. Gibson, she being mentally and physically incapable of defending for herself.

It is the contention of S. S. Gibson that the conveyance was made to his mother in satisfaction of a debt he owed her for borrowed money, and that the value of the property conveyed was not more than the amount of the debt. Therefore he contends under the rule laid down in *Hempstead* v. *Johnson,* 18 Ark. 123, 65 Am. Dec.

458, and *Fly* v. *Screeton*, 64 Ark. 184, 41 S. W. 764, that the conveyance should be upheld, notwithstanding the fact that its effect would be to deprive his other creditors of a means whereby they might collect their debts.

It is well settled that a sale of property by an insolvent debtor to a creditor at a fair price, where the purchaser has no knowledge of his debtor's intention to defraud other creditors and does not participate in the debtor's fraudulent design, is valid, although it may have the effect of giving a preference to the creditor who makes the purchase and prevent others from collecting their debts, and this is true even though the preferred creditor may be a near relation.

The facts established by a preponderance of the testimony are that Mrs. Judy F. Gibson is an old and infirm woman with no property except a small farm of about forty acres. She and her husband had lived upon this farm until the latter's death which occurred about August 12, 1932. Their only support was what was produced on the farm and a $10 a month pension the husband received from a fraternal order. Gibson testified that he had borrowed $300 from his mother about eight years ago for which he had given his note and that he had since borrowed $150 more; that on the $300 note he had paid his mother $24 a year interest until March 20, 1931; that he has paid nothing since; that he has been boarding with his mother since February 1, 1932, during which time he was unable to work for about two and a half months, and that she cared for him while he was sick. He assisted in making and gathering the crops on his mother's land during the time he lived with her.

He testified that the $300 he borrowed was for the part payment of a farm he had purchased which he had afterwards sold for $1100, but paid his mother nothing from the sum received. His testimony relating to the borrowing of money from his mother was corroborated by that of his brother, W. J. Gibson. S. S. Gibson was unable to produce the note he said he had given his mother or any receipt or other written evidence of the transactions between them about which he had testified. He admitted that his father had been an invalid and un-

able to work for twelve years before he died on August 12, 1932, and that all the property he left was the forty acres of land and personal property worth approximately $300.

The evidence shows that Mrs. Gibson, in September, 1930, bought a small bill of groceries from a retail grocery merchant in Cotter and in November, 1931, made another small bill for groceries with the same merchant; that collection for these bills had been attempted without success, and that they are still unpaid; that Gibson caused the deed to his mother to be prepared and acknowledged, affixed the revenue stamp to it, had it recorded, and it was then returned to him. He was living with his mother at this time. It was also shown that the purchase of the farm, which he testified he had borrowed the $300 from his mother to pay for, was long prior to the time he said he borrowed the money, and that this farm had been sold by him about thirteen years before his testimony in this case was given.

We think the conclusion of the chancellor that the conveyance was voluntary and made with the intent to defraud the creditors of the grantor is sustained by the facts and circumstances above set forth. Here the witnesses who testified to the borrowing of the money by S. S. Gibson from his mother are interested in the result of the suit, and this fact alone is sufficient to raise the question of their credibility and to render their statements questionable. *Mo. Pac. Rd. Co.* v. *Trotter,* 184 Ark. 790, 43 S. W. (2d) 762; *Jolley* v. *Meek,* 185 Ark. 393, 47 S. W. (2d) 43. And this, with the circumstances which make it improbable that Mrs. Gibson would have had any money to loan, leads to the conclusion that no money had been borrowed and that the conveyance was voluntary, and by the conveyance Gibson denuded himself of all his property; therefore the conveyance as to appellees was and is void. *Crill* v. *Trites,* 186 Ark. 354, 53 S. W. (2d) 577 and cases therein cited.

■ At the time S. S. Gibson acquired title to the lots, and when he conveyed to his mother, he was a single man and therefore was entitled to no homestead. Section 5539, Crawford & Moses' Digest.

■ There is no merit in the contention that a guardian *ad litem* should have been appointed for appellant, Judy F. Gibson. The basis of this contention is the evidence of S. S. Gibson, who, in endeavoring to explain why his mother had not appeared to testify in person or had not given her deposition in support of the validity of the conveyance to her, stated that she was at her home and in such bad health that she had not been outside of the yard in over two years; that "because of her physical condition we have not taken her deposition—also her mental condition is bad. She is seventy years of age." The statute relied on by the appellants (§ 1120, Crawford & Moses' Digest) provides that where it is found that the defendant is of unsound mind during the pendency of the proceedings, the plaintiff may have a guardian *ad litem* appointed to defend for him. The evidence relied on, however, is not sufficient to show insanity within the meaning of the statute (§§ 1118, 1119 and 1120, Crawford & Moses' Digest), nor was the insanity of Mrs. Gibson made an issue in the court below, and appellants can not now be heard to say that the court should have refused to render a decree against Mrs. Gibson because of her mental condition. *Peters* v. *Townsend,* 93 Ark. 103, 124 S. W. 255.

We find no reversible error, and the decree is affirmed.