MISSISSIPPI LIFE INSURANCE COMPANY *v.* MEADOWS.

Opinion delivered November 12, 1923.

1. INSURANCE—QUESTIONS FOR JURY.—In an action on a life insurance policy, defended on the ground of misrepresentation or breach of warranty of insured's health, *held* that it is a question for the jury whether the insured signed the application containing the warranty, and whether he knew he had tuberculosis when he applied for the policy and represented that he was in good health. .

2. INSURANCE—"WARRANTY" AND "REPRESENTATION" DISTINGUISHED. —Statements in an application for a policy warranted to be true must be true, whether the applicant knew them to be true or not,

but a false representation will not avoid a policy unless the applicant knew the falsity of the fact stated to be true.

3. INSURANCE—STATUTORY PENALTY AND ATTORNEY'S FEES.—Where beneficiary sued for an amount in excess of that due, the insurer was not liable for the statutory penalty and attorney's fee.

Appeal from Bradley Circuit Court; *Turner Butler,* Judge; reversed.

*Wilson & Martin,* for appellant.

It was error for the court to direct a verdict, as appellant introduced sufficient evidence to establish the issues it raised. 148 Ark. 66. Untruth of answers, which are warranted to be true, constitute a breach of the warranty, whether the insured knew the untruth or not. 103 Ark. 201, 48 L. R. A. (N. S.) 418. No recovery can be had for penalty and attorney's fee where demand is made in excess of the amount entitled to be recovered. Section 6155, C. & M. Digest; 92 Ark. 378; 93 Ark. 84; 117 Ark. 71.

*Clary & Ball,* for appellee.

The court properly refused to permit the attending physician to violate the confidence of physician and patient.    103 Ark. 201.    Appellant introduced no evidence to sustain its contention.    It is only error to direct a verdict where there is evidence upon which reasonable minds might differ as to the liability.   111 Ark. 310; 148 Ark. 66.    The circumstances point to the fact that the card which contained the warranties relied upon by appellant was not in fact made out by the insured, but by the agent of the company, and therefore the policy would not be void upon the misrepresentation made by the agent.    53 Ark. 215.    See also 64 Ark. 253; 65 Ark. 581.    Appellee requested a larger amount than was due under the policy, through error, but, on trial, she amended the complaint to only ask for the correct amount.    The circuit court so treated the matter, and the penalty and attorney's fee were properly assessed.    See 87 Ark. 424.

SMITH, J.    Appellee was the beneficiary in a policy of insurance issued by the appellant insurance company on the life of Early Calvert, her brother, and by the

terms of the policy only one-half its face could be collected if the insured died within a year after the issuance of the policy. The policy was issued on November 14, 1921, and the insured died February 14, 1922.

It appears that the insurance company required no examination of an applicant when the amount of insurance applied for was less than $300, but the applicant was required to submit a statement in regard to the condition of his health and to warrant that his answers to the questions in the application "are strictly correct, complete and truthful."

A physician who had attended Calvert in a professional capacity testified that, some months prior to the date of the application for the policy, he examined Calvert and found him suffering from tuberculosis. On objection being made, this testimony was properly excluded; but the physician was then asked, as an expert, whether a man who died on February 14, 1922, from consumption, was afflicted with that disease three months prior thereto, and the question was answered in the affirmative. The proof of death gave tuberculosis as the cause thereof, and there appears to be no question that Calvert died of that disease.

The court directed the jury to return a verdict for the plaintiff, and this was done, and the court then added the statutory penalty of twelve per cent. and fixed the fee of the attorneys at $50, and the insurance company has appealed.

On behalf of appellee it is insisted that there is testimony tending to show that the purported signature of Calvert to the application containing the warranty is not his signature, and that he did not in fact make any warranty as to the condition of his health.

We think the court erred in directing a verdict in favor of the plaintiff. There was a question for the jury whether the applicant signed the warranty. If he did, he was bound thereby, and the jury might have found from the testimony that Calvert did sign the warranty,

and was suffering from consumption when he applied for the insurance.

The policy itself recites that it was issued upon the express representation of the applicant that he was then in good health, and that it might be delivered as a contract of insurance only on that condition, and appellee insists that, if there was a representation only that the applicant was in good health, the policy would not be avoided because the answer was false unless the applicant knew it was false. This difference does exist between a representation and a warranty. The statements warranted to be true must be true, whether the applicant knows the truth or not, whereas a mere representation would not defeat the policy unless the applicant knew the falsity of the fact stated to be true.

But if Calvert did not sign the warranty, thereby warranting the truthfulness of his answers, we think there was still a question for the jury, as the jury might have found that Calvert knew he had consumption; at least we cannot say, as a matter of law, that the jury might not have drawn that inference from the testimony, considered in its entirety, so that, whether there was a warranty or only a false representation, we think there was a case for the jury.

We are also of the opinion that the court erred in assessing the statutory penalty, and in awarding an attorney's fee. It is not now claimed that the insurance company is liable for more than $52.50, this being one-half of the face of the policy, yet the suit was brought for $55. This mistake is explained by showing that the plaintiff did not have possession of the policy when she made demand for its payment and brought this suit, and that she was under the impression that the face of the policy was $110, one-half of which being, of course, $55, and that she had no purpose of demanding any sum in excess of that portion of the face of the policy to which she was entitled.

In the case of *Illinois Bankers' Life Assn.* v. *Mann,* 158 Ark. 425, the beneficiary in a policy of insurance sued to recover $1,046, alleging that sum to be due, but judgment was rendered by consent for $1,000, whereupon the court, over the objection of the insurance company, rendered judgment for the statutory penalty and an attorney's fee. On the appeal to this court in that case we held that the purpose of the statute was to require insurance companies to pay promptly the sums for which they are liable, and was not intended to require them to pay anything in excess of their just liability, and that one cannot claim the benefit of the statute whose demand exceeds this liability.

Appellee did not allege in any pleading filed by her in this case that she sued and prayed judgment for the amount only which was due on the policy. On the contrary, she sued for an amount in excess of the sum due her, and she cannot, in such case, recover the penalty and attorney's fee. *Queen of Arkansas Ins. Co.* v. *Bramlett,* 103 Ark. 1.

For the errors indicated the judgment is reversed, and the cause remanded for a new trial.