COLORADO LIFE COMPANY *v.* POLK.

4-3916

Opinion delivered June 17, 1935.

*Daggett & Daggett, C. A. Windsor* and *W. H. Daggett*, for appellant.

*A. M. Coates*, for appellee.

BUTLER, J. Action to recover for sick disability benefits on appeal here from a verdict and judgment in favor of the plaintiff in the court below, for $219.99, penalty and attorney's fee.

The material provisions of the policy sued on are set out in appellant's abstract of the record as follows:

"No indemnity shall be payable for sickness, the cause of which originates or begins prior to the fifteenth day after the date of this policy, or last reinstatement hereof."

"The first seven days' indemnity payable hereunder on account of any claim arising from disability of the insured due to sickness, as herein conditioned and provided, shall be limited to one-half the indemnity that would otherwise be payable."

"Monthly Indemnity for Sickness. Part Four Sec. (2). Confining Sickness: If, as a result of sickness of the insured, he be so disabled as to be necessarily and continuously confined within the house and therein regularly visited by a physician, * * * at least once in each week and shall be necessarily prevented from performing any and every duty pertaining to his occupation, the insured shall be deemed totally disabled, and the company will pay for the period the insured is necessarily and continuously so confined and so attended, the monthly indemnity shown in Part One hereof."

"PART FOUR. Sec. (b). Non-Confining Sickness: If, instantly following such confining sickness, or as a result of sickness which shall not so confine the insured, he shall be regularly attended by a physician * * * and he shall be so disabled that he be necessarily and continuously prevented from performing any and every duty

pertaining to his occupation, the insured shall be deemed totally disabled, and the company will pay for the period, not exceeding six consecutive months, the insured is continuously so disabled and so attended, one-half the monthly indemnity shown in Part One hereof.''

''Hospital Benefit or Graduate Nurse Fees. Part Five. If, as the result of an accident or sickness, the insured be necessarily confined to a Government Hospital or in a regularly incorporated hospital legally licensed * * * the company will reimburse the insured for the charges of such hospital on account of such confinement for a period not exceeding two months. Such reimbursement to be at a rate not exceeding an amount per month equal to fifty per cent. of the monthly indemnity stated herein.''

''Additional Provisions. 7. (a) If any disability for which any indemnity be payable hereunder, or confinement or nurse services as provided for under Part Five hereof, be for a greater or less period than one month, the indemnity, or reimbursement, shall be in such proportion to the monthly rate of indemnity as the time of disability, confinement or services, as herein conditioned and provided, shall be proportionate to one month (30 days).''

The policy was issued on the 14th day of April, 1934, and while it was in effect on the 14th day of May the insured was taken ill, and on the next day entered a hospital in Memphis where he was operated on, remaining confined there for a period of seven days. Immediately thereafter he returned home, and was confined to bed for an additional seven days, and for a period of two weeks thereafter he was unable to perform any of his duties. Immediately after his return from the hospital he gave notice of his illness to appellant company which denied liability. This suit followed. The insured alleged that he was confined in the hospital for a period of seven days, for an additional seven days at his home, and partially confined for a further period of two weeks, making a total of thirty days of confining and nonconfining illness, and that defendant was indebted to him therefor

in the sum of $119.99; that it was further indebted to him for expenses incurred while at the hospital in the sum of $105.35, making a total of $235.34, for which sum he prayed judgment with 12 per cent. penalty and a reasonable attorney's fee.

The answer denied the allegations of the complaint, and set up as an affirmative defense paragraph 4 of "Additional Provisions" of the policy, to-wit, "that no indemnity shall be paid for sickness the cause of which originates. or begins prior to the 15th day after the date of this policy."

The testimony is in conflict as to the commencement of insured's illness which occasioned his operation and confinement—some to the effect that it began beyond the 15th day of the date of the policy and others to the effect that it arose within the fifteen-day period from said date. Appellant concedes that the verdict of the jury is conclusive on that question and precludes further consideration of its affirmative defense. It contends, however, that, under the evidence adduced by the appellee, he was not entitled to recover for more than seven days' confinement in the hospital at $3.33 per day, and that he cannot recover for the succeeding seven days of confining illness at his home for the reason that he failed to show that during said period he was so disabled as to be necessarily and continually confined within the house and therein visited by a physician at least once each week; that he was not entitled to recover for partial disability for the time alleged for the reason that in his proof furnished the company no claim was made therefor.

A sufficient answer to the contentions made relative to the insured's confinement at home and the nonconfining illness is that there was no issue raised on these questions in the trial court, and they cannot be presented here for the first time. *Jones* v. *Kelley Trust Co.,* 179 Ark. 857, 18 S. W. (2d) 356; *Andrews* v. *Sw. Hotel Co.,* 184 Ark. 982, 44 S. W. (2d) 695; *Gibson* v. *Denton,* 190 Ark. 569, 79 S. W. (2d) 732.

The court below was requested by the appellant to instruct the jury that it could only find for the appellee

for a sum equal to the number of days he spent in the hospital at $3.33 per day, which would amount to $20 if confined for six days or $23.33 if for seven days. The court refused to so instruct the jury, but instead gave the following: "You are instructed that, under the policy provision relating to hospital benefits, the reimbursement of the plaintiff is to be at a rate not exceeding an amount per month equal to 50 per cent. of the monthly indemnity stated in the policy. Therefore, under the policy provision, the reimbursement provided for one month, or 30 days' hospitalization is $100." It is contended that the trial court erred in this particular. The contention seems to be based on subdivision A of § 7 of "Additional Provisions," which attempts to limit the recovery of hospital expenses in this manner, if the confinement "be for a greater or less period than one month, the indemnity or reimbursement shall be in such proportion to the monthly rate of indemnity as the time of disability, confinement or services, as herein conditioned and provided, shall be proportionate to one month (thirty days)." This paragraph is of doubtful meaning, but to give it the effect contended for by the appellant creates a conflict with the provision for "hospital benefit or graduate nurse fees," which has been quoted above, and which in substance provides for reimbursing the insured for hospital expenses for a period not to exceed two months in an amount equal to the monthly indemnity which, under the policy, is fixed at $200 per month.

The policy in this case contains numerous provisions which appear to us not to have been drafted for the purpose of "informing the insured of the true extent of his protection or the limitation on the insurer's liability, but rather chosen with particular reference to its own interest. This is apparent from an inspection of the policy at hand with its involved phraseology and numerous exceptions, conditions and ambiguous provisions." (*American Indemnity Co.* v. *Hood,* 183 Ark. 266, 35 S. W. (2d) 353.) With the rule in mind that provisions of insurance policies must be harmonized if possible, but, in case of doubt, the provision will be construed most strongly against the insurer and in favor of the insured (*Travel-*

*er's Protective Ass'n* v. *Stephens,* 185 Ark. 660, 49 S. W. (2d) 364), we are of the opinion that the trial court properly refused the instruction requested and correctly declared the true meaning of the policy.

On the question of the allowance of penalty and attorney's fee, but little need be said. As we have seen, the amount recovered was substantially that due under the policy. At the conclusion of the evidence, appellee was permitted, over the objection of the appellant, to amend his complaint by reducing his claim for hospital bills in the sum of $5.35, and by offering to accept the sum of $219.99 in full satisfaction of his claim. At no time had the appellant offered to pay any sum under its policy, but had denied any liability whatever, and had maintained this position throughout the trial. If appellant wished to avoid the penalty and attorney's fee, it might have offered to confess judgment for the amount which the appellee claimed after his amendment was allowed. It did not do so, but maintained its original position that no liability attached, electing to proceed to a final decision on that claim. The amount of the reduction was inconsequential, and, in view of the denial of liability, the court did not err in assessing a penalty and allowing an attorney's fee. *Life & Casualty Co.* v. *Sanders,* 173 Ark. 362, 292 S. W. 657, and cases there cited.

It follows that the judgment of the trial court should be, and it is, affirmed.