Life & Casualty Insurance Company of Tennessee *v.*
Wiggins.

5-536                                  273 S. W. 2d 405

Opinion delivered December 13, 1954.

*J. Bruce Streett,* for appellant.

*Carroll C. Hollensworth,* for appellee.

Robinson, J.   This is an appeal from a judgment
for 12% penalty amounting to $120, and $150 allowed as
attorney's fee in a suit on a $1,000 policy of life insur-
ance.   The insured died on August 28, 1953; proof of
death was furnished to the insurance company on Octo-
ber 12, 1953.   Liability was denied October 22, and suit
was filed on November 18.   A motion to make the com-
plaint more definite and certain was filed January 19,
1954, and an amended and substituted answer was filed
February 1, 1954.   The record does not contain the
original answer nor is there any showing as to when it
was filed or the contents thereof.   The amended and
substituted answer admitted that the defendant insur-
ance company was indebted to the plaintiff for the face
amount of the policy, $1,000, and the defendant paid this
amount into court but alleged that it had in good faith
originally denied liability under the mistaken belief that
the policy was not in force, and for this reason appellant
contends that no penalty and attorney's fee should be
allowed.

According to the records in the home office of the
insurance company, the policy had lapsed on the Mon-
day preceding the Friday that the insured died; but the
records were not correct.   The policyholder had not been
given credit for one payment of a weekly premium which
extended the policy beyond the date of death.   Subse-

quent to the death of the insured, the company had asked the beneficiary to send in the premium receipt book showing the payments correctly, or a photostatic copy thereof. However, the beneficiary did not feel like giving up possession of the premium receipt book, nor were facilities available locally for making a photostatic copy thereof.

The law is well settled in this state that good faith on the part of the insurance company is not a valid defense against the allowance of an attorney's fee and penalty. *Life & Casualty Ins. Co. of Tennessee* v. *Barefield*, 187 Ark. 676, 61 S. W. 2d 698; *Missouri State Life Ins. Co.* v. *Martin*, 188 Ark. 907, 69 S. W. 1081; *American Liberty Mutual Ins. Co.* v. *Washington*, 183 Ark. 497, 36 S. W. 2d 963. In *Life & Casualty Ins. Co. of Tennessee* v. *McCray*, 187 Ark. 49, 58 S. W. 2d 199, this court said: "Appellant also contends that it should not be taxed with the penalty and attorney's fee imposed by statute because it says it defended in good faith . . . but, assuming appellant defended in good faith, this does not excuse it from the plain provisions of the statute. . . . This question is now settled, and we decline to reconsider the matter."

Affirmed.