EQUITABLE LIFE ASSURANCE SOCIETY OF THE U. S. *v.* GORDY.

5-1452                                      309 S. W. 2d 330

Opinion delivered February 3, 1958.

*Rose, Meek, House, Barron & Nash,* and *Phillip Carroll,* for appellant.

*H. B. Stubblefield,* for appellee.

SAM ROBINSON, Associate Justice.  The issues here are whether the trial court erred in allowing an attorney's fee and 12 per cent penalty, as provided by statute (Ark. Stat. § 66-514) where the plaintiff recovered on the disability feature of three policies of insurance, and whether the attorney's fee allowed is excessive.

During the years 1916 and 1917, the appellant insurance company issued to appellee, Victory G. Gordy, three policies of insurance, each providing, among other things, $100 per year disability benefits to the insured in the event he became totally and permanently disabled under the terms of the policies while less than 60 years of age.  In 1949 Gordy became totally and permanently disabled.

In February 1956, the insurance company had not paid anything by reason of the permanent and total dis-

ability of the insured. On February 17th of that year, the insured's attorney offered to settle with the insurance company for five years' benefits immediately preceding that date. This offer was made in view of the five year statute of limitation. The offer to accept payment for the five year period of disability was not agreed to by the insurance company, and Gordy filed suit, but instead of limiting his claim to the five year period, he asked for six years' disability. Two suits were filed. The first involved two policies; the second involved one policy. The company answered in both cases, and in addition to a general denial the insurance company pleaded as a defense the failure on the part of the insured to give proper notice of his disability, and pleaded the five year statute of limitation (Ark. Stat. § 37-209).

The first suit, involving two of the policies, was filed by the plaintiff on April 3, 1956; the second suit was filed in November, 1956. Subsequent to the time the answers were filed in which the five year statute of limitation was pleaded, the plaintiff amended his complaints to ask only for the sum due during the five year period not barred by the statute. Later, on January 17, 1957, a pre-trial conference was held and the two cases were consolidated for trial. On February 8th, the defendant filed amended answers, in which it offered to confess judgment and made tender of the disability benefits accruing during the five year period not barred by the statute of limitation. In other words, the amount tendered was the amount plaintiff asked for in the amended complaints. The trial court entered judgment for that amount and assessed a $750 attorney's fee for both cases and 12 per cent penalty on the amount recovered on the policies.

On appeal the appellant contends that in the circumstances it is not liable for the attorney's fee and penalty. Appellant argues that because of the five year statute of limitations it was not liable for the amount sought by plaintiff in the original complaint, that the plaintiff did not recover the amount sought in the original complaint,

and that there is no liability on the part of the insurance company for the statutory attorney's fee and penalty. In support of its theory, appellant cites several Arkansas cases. But these cases do not support appellant on the identical point involved here:

*National Fire Ins. Co.* v. *Kight,* 185 Ark. 386, 47 S. W. 2d 576. In that case the plaintiff had demanded $2,800 during the negotiations for a settlement, but filed suit for only $2,675. The insurance company promptly confessed judgment for that amount. It does not appear that the insurance company ever had an opportunity to settle for an amount as small as that asked in the complaint.

*Broadaway* v. *The Home Ins. Co.,* 203 Ark. 126, 127, 155 S. W. 2d 889. This case presented the same situation as the *National Fire Insurance Company* case. Prior to filing suit, plaintiff had demanded $850, but sued for only $750, which the insurance company promptly paid. The court said: "This was $100 less than the appellant had ever offered to settle for, \* \* \*."

*Great Southern Fire Ins. Co.* v. *Burns & Billington,* 118 Ark. 22, 175 S. W. 1161. In this case the plaintiff amended the complaint to ask for a lesser amount. The defendant insurance company made no offer to pay the lesser amount, but proceeded with the trial, and there was a jury verdict for the amount asked for in the amended complaint. The insurance company contended that because the original complaint asked for a larger sum, no attorney's fee and penalty should be allowed. This contention was rejected, the Court pointing out that the company made no offer to pay the lesser amount, but continued to deny liability, and in these circumstances it was proper to allow the attorney's fee and penalty. By way of *dictum* the Court said that the insurance company could have avoided the attorney's fee and penalty by offering to confess judgment for the amount sued for in the amended complaint, but that issue was not before the Court, as the insurance company

had not offered to pay the amount sued for in the amended complaint.

Appellant here also relies on the cases of *Colorado Life Co.* v. *Polk,* 191 Ark. 151, 83 S. W. 2d 534; *Life & Casualty Co.* v. *Sanders,* 173 Ark. 362, 292 S. W. 657; and *DeSoto Life Ins. Co.* v. *Jeffett,* 210 Ark. 371, 196 S. W. 2d 243; but there is no showing in any of these cases that the insurance company could have settled for a smaller amount than sued for in the original complaint.

In the case at bar, it was recognized by the policyholder's attorney that a portion of the benefits provided for by the terms of the policy could be barred by a plea on the part of the insurance company of the five year statute of limitation. There was never any doubt about that plea being available to the insurance company if they desired to assert it. Therefore, in the negotiations for a settlement before any suit was ever filed, the policyholder's attorney offered to accept the benefits accruing under the provisions of the policy during the five year period immediately preceding the time suit would be filed. But the insurance company refused to accept the offer to settle for the five year period, and therefore the policyholder was compelled to file suit. In the suit the insured asked for the full amount provided by the policy. Of course, it would be reasonable to expect that the insurance company would plead the statute of limitation as to that portion of the claim accruing more than five years last past, but the policyholder's attorney had no way of knowing for sure that the insurance company would take advantage of the statute. The defendant could have waived the five year period of limitation if it had desired to do so, but when the insurance company filed its answers and did plead the statute of limitation as to that portion accruing more than five years before suit was filed, the insured promptly amended his complaint to ask for the benefits accruing only within the five year period. Even then, the insurance company did not offer to confess judgment, but a pre-trial conference was held and the trial was set for a later date, but before the trial date arrived

the insurance company did confess judgment for the amount asked in the amended complaint. The insurance company was in no way prejudiced by the amount sued for in the original complaint. In the negotiations for a settlement the insured had offered to take less—he had offered to take only the amount accruing during the five year period not barred by the statute—but the claim was not paid. If he had asked for the same relief in his original complaint as he did in the amended complaint, the insurance company would have had to pay the attorney's fee and penalty.

Ark. Stat. § 66-514 provides:

"In all cases where loss occurs and the * * * company * * * liable therefor shall fail to pay the same within the time specified in the policy, after demand made therefor, such person, firm, corporation and/or association shall be liable to pay the holder of such policy, in addition to the amount of such loss, twelve (12) per cent damages upon the amount of such loss, together with all reasonable attorneys' fees for the prosecution and collection of said loss; * * *"

And we have held that the attorney's fee and penalty attaches if the insured is required to file suit, even though judgment is confessed before trial. *Globe & Rutgers Fire Ins. Co.* v. *Batton,* 178 Ark. 378, 10 S. W. 2d 859; *Commercial Union Assurance Co.* v. *Leftwich,* 191 Ark. 656, 87 S. W. 2d 55. A good faith denial of liability is no defense to the claim for attorney's fee and penalty. *Life & Casualty Ins. Co. of Tenn.* v. *Wiggins,* 224 Ark. 377, 273 S. W. 2d 405.

Appellant complains that the $750 attorney's fee allowed by the trial court is excessive, and on cross-appeal appellee says the amount allowed is not enough and that an additional amount should be allowed for the appeal. Evidence was introduced on the point, and the trial court took into consideration that by establishing the liability of the insurance company in recovering $1,700 for past due benefits, future payments would be

648

made on the policy, but no doubt the court also took into consideration the fact that it was not necessary to go through with the trial, and plaintiff's attorney was thereby relieved from the time and effort of a trial and also the hazard of the outcome of a trial. When everything is considered, we believe the attorney's fee allowed by the trial court is reasonable for both sides, and in the circumstances it was enough to also take care of the appeal.

Affirmed.

GEORGE ROSE SMITH, J., not participating.