GORDY v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES.

5-1712                                    318 S. W. 2d 609

Opinion delivered December 15, 1958.

*Wood & Smith,* for appellant.

*Bernal Seamster,* for appellee.

SAM ROBINSON, Associate Justice. The amount of an attorney's fee is involved here. Appellant, Victor G. Gordy, retained H. B. Stubblefield, an attorney, to attempt the collection of disability benefits on six policies of insurance. Gordon contends that Stubblefield was to receive as his fee one-third of the accrued benefits, and Stubblefield contends that he was to receive one-third of the full amount collected on the policies, including the amount to be paid in the future, less the amount payable in the event of death. From a judgment in favor of Stubblefield, Gordy has appealed.

Three policies were issued to Gordy by The Equitable Life Assurance Society of the United States. Two of these policies are involved in this appeal; these policies provide for waiver of premium and for disability benefits of $100 per year each. Suits were filed on the Equitable policies, but the insurance company made a settlement before the trial for the full amount the policyholder claimed was due, and judgment was entered for the accrued benefits less that part barred by the statute of limitations. The trial court assessed a 12% penalty and an attorney's fee of $750. The insurance company appealed to this court, contending the attorney's fee was excessive, and Gordy, represented by Stubblefield, cross-appealed, contending it was not enough. The judgment was affirmed. *Equitable Life Assur. Society of U. S.* v. *Gordy,* 228 Ark. 643, 309 S. W. 2d 330.

The present action pertains to future benefits payable under two of the policies. The judgment in the circuit court established the validity of Gordy's claim for disability benefits. When payment of benefits accruing subsequent to the judgment became due, the insurance company filed an interpleader in chancery court and deposited in court the amount due under the policies. The interpleader alleged there was a controversy between Gordy and his attorney, Stubblefield, regarding the amount due each. Stubblefield contends that he should have as his fee one-third of all sums collected and to be collected, including future benefits, but exclusive of death benefits, and that Gordy was to get two-thirds of everything, including the attorney's fee and penalty. Gordy contends that the attorney's fee was to be one-third of the accrued benefits and one-third of the attorney's fee and penalty. The chancellor held that Stubblefield is entitled to one-third of the future benefits, as well as one-third of the accrued benefits, and Gordy has appealed.

Stubblefield maintains that if his agreement with Gordy is not a binding contract, he is entitled to one-third on a *quantum meruit* basis. So far as the terms of the agreement are concerned, the parties were before the chancellor, and that court was in much better position than this court to judge their credibility; and we cannot say a finding that the agreement was for an attorney's fee of one-third of future benefits, as well as those which had accrued, is against the preponderance of the evidence. Moreover, if the agreement is disregarded and the attorney's fee is assessed on a *quantum meruit* basis, one-third of everything recovered, including future benefits but excepting death benefits, is not too high, considering all the circumstances. In fact, it appears that the odds were greatly against Stubblefield's being able to bring the matter to a successful conclusion. The courts have approved many contracts for attorneys' fees calling for 50% of the amount recovered where the prospects of making recovery were much

greater than were Gordy's for collecting disability benefits under the terms of the policies. In order to collect on the policies, it was necessary to show that Gordy's disability began before he reached age 60. He had reached that age in 1952, and his alleged disability began in 1949. He did not employ Stubblefield, however, until 1955. Undoubtedly the statute of limitations had run on part of the claim; the whole thing had become somewhat stale, and many lawyers would not have accepted employment on a contingent basis. Stubblefield was faced with the prospect of long, drawn out, strongly contested and expensive litigation, with a good chance of finally receiving no fee at all.

The record shows that Stubblefield advanced a large part of the necessary expenses of the litigation, and there is no showing he would have recovered this money if he had lost the case. Apparently he did a tremendous amount of work on the case. It was shown that his files pertaining to the matter were voluminous. Some of the litigation was in federal court, and after winning his case there before a jury, Stubblefield had to go to the circuit court of appeals; and, as heretofore mentioned, he had to handle one angle of the case in this court. All of this work could have been anticipated from the beginning. In addition, it appears that there must have been grave doubt about being able to prove Gordy's alleged disability. In short, it appears to have been a pretty weak case. And, in agreeing to handle it on a contingent basis, Stubblefield was taking a long gamble on collecting a fee.

Appellant cites *Johnson* v. *Rolf*, 208 Ark. 554, 187 S. W. 2d 877, and other cases, to the effect that equity regards the relation of attorney and client in much the same light as that of guardian and ward, and will relieve a client from hard bargains from an undue advantage secured over him by his attorney. But the rule announced in those cases has no application to the facts in the case at bar. Here it does not appear that Gordy

was overreached in any particular. On the contrary, it appears that he was very fortunate in being able to engage, on a contingent basis, the services of a very able lawyer who, through energy, perseverance and tenaciousness, brought his client's litigation to a successful conclusion. The future disability benefits Gordy will receive are just as much the result of the lawyer's work as the accrued benefits.

Affirmed.