CONTINENTAL CASUALTY CO. *v.* VARDAMAN.

5-2254                                    340 S. W. 2d 277

Opinion delivered November 21, 1960.

*Rose, Meek, House, Barron & Nash,* for appellant.

*McMath, Leatherman, Woods & Youngdahl,* for appellee.

PAUL WARD, Associate Justice. Howard J. Vardaman (appellee), the holder of a policy issued by the Continental Casualty Company (appellant), filed a suit against the Company to collect accrued monthly payments due under the terms of the policy for alleged total disability. After the complaint had been twice amended, appellant confessed judgment for the amount then

prayed. Thereupon the trial court rendered judgment in favor of appellee for the amount confessed. The trial court also, after hearing testimony, rendered judgment for the statutory penalty and attorney's fee.

Appellant here urges a reversal on the ground that the court erred in allowing the penalty and attorney's fee, and also on the ground, in the alternative, that the attorney's fee is excessive.

The peculiar facts of this case call for a careful study of Arkansas Statutes, Section 66-514, together with the many interpretations of said statute by this court. The situation presents a close and interesting question as to whether the trial court was justified in awarding the penalty and attorney's fee. The facts giving rise to the question are not in dispute, but it is necessary to a clear understanding of the issues to set them out in detail.

The insurance policy, which had been in effect for 18 years, provided for an indemnity of $100 per month as per its terms. If by reason of an accident, appellee was continuously disabled and prevented from performing all duties pertaining to his occupation (a locomotive engineer) appellant agreed to pay the monthly indemnity for a period not to exceed 12 consecutive months. In addition, the policy provided that after the first 12 months of total disability the Company would continue the payment of the monthly indemnity so long as Vardaman should live and be wholly and continuously disabled and prevented from engaging in each and every occupation or employment for wage or profit. The policy further provided that no indemnity would be paid for any period of disability during which Vardaman was not under the regular care and attendance of a qualified physician or surgeon.

Vardaman was seriously injured in an automobile wreck on March 8, 1958, following which the Company paid him the monthly indemnity at the rate of $100 per month through May 8, 1959. On June 28, 1959, the Company informed Vardaman by letter that in its opinion

he had ceased to be totally disabled and that it was therefor terminating the payments and asked that the policy be returned. In this letter the Company enclosed a check for $116.66 which was in payment for one month and 5 days.

At all times since the accident Vardaman had been in the Missouri Pacific Hospital or under the continuous care of physicians who had determined that he could not return to his occupation as an engineer and that he could not engage in any occupation where manual labor was involved.

After appellee had received information from the Company that no further payments would be made he secured counsel and suit was filed on July 2, 1959 for accrued monthly payments of $116.66, and also sued for the present value of the policy based upon his life expectancy—determined to be 27 years. The policy was attached to *and made a part* of the complaint. The issue here presented (allowing of penalty and attorney's fee) was brought to focus by the manner in which the litigation developed from this point.

On July 24, 1959 appellant filed an Answer in which it admitted issuing the policy, but denied that since May 8, 1959, appellee had been disabled to such extent as to entitle him to the payment of benefits. On December 20, 1959, at a pre-trial conference, appellee amended his complaint to eliminate that part relating to anticipated damages. This left only the prayer for monthly payments of $116.66 from May 8, 1959 to date of judgment. The trial was then set for March 3, 1960. On February 26, 1960, appellee again amended his complaint to ask for monthly payments of $100 (instead of $116.66). In each instance appellee asked for the penalty and attorney's fee. On the last mentioned date appellant amended its Answer stating that it had paid appellee $100 per month from March 8, 1958 to May 8, 1959; that it concluded appellee was no longer disabled so as to be entitled to further payments; it offered to confess judgment for $100 per month from May 8, 1959 to date of judgment, exclusive of penalty and

attorney's fee. A few days later appellant offered, in addition to the above, to confess judgment for accrued interest on the said monthly payments.

A hearing was had before the trial judge at which the following transpired. It was stipulated that, assuming appellee lived out his expectancy and was entitled to receive monthly indemnity, then the present value of the policy would be $21,155.16. It was further stipulated that a report by Doctor W. I. Porter and a copy of the insurance policy be introduced in the record, and that appellant's attorney on or about February 16, 1960, informed appellee's attorney that if they could not agree on a lump sum settlement the case would not be tried. Also in this hearing appellee's attorney made a statement to the court and introduced further medical statements, indicating to the court the time and effort spent in legal and medical research and in exploring voluminous hospital records. It is indicated by several medical statements that appellee was permanently unable to engage in any occupation. Also testimony by several witnesses indicated that an attorney's fee in the amount of approximately $4,000 would be reasonable.

The trial court made extensive Findings and Conclusions among which were: All testimony supported the conclusion that appellee was totally disabled when appellant wrote the aforementioned letter on June 23, 1959 discontinuing monthly payments; appellant's conduct forced appellee to employ counsel; the prayer in the first complaint asking for monthly payments of $116.66 resulted from a mistake on the part of appellee's attorney, but that this mistake in no way misled appellant who knew the terms of the policy and knew that the monthly payments were $100. Based on these findings, the court rendered judgment against appellant for $922.50, for $111.06 penalty, and $1,250 for attorney's fee.

Based on the above factual situation we have, after careful consideration, concluded that the trial court was correct in awarding the penalty and the attorney's fee. Appellant, in its exhaustive and well prepared brief, cites

and quotes from several decisions of this court to sustain the general rule that when the insured files suit for the amount due under the policy (for convenience called the "correct amount") and the insurer confesses judgment for that amount, then the penalty and attorney's fee are not allowable. That, says appellant, is the situation here because as soon as appellee reduced his claim to $100 per month it confessed judgment. The cases relied on by appellant are: *Pacific Mutual Life Insurance Company* v. *Carter,* 92 Ark. 378, 123 S. W. 764; *Mississippi Life Insurance Company* v. *Meadows,* 161 Ark. 71, 255 S. W. 293; *Illinois Bankers' Life Association* v. *Mann,* 158 Ark. 425, 250 S. W. 887; *Interstate Business Men's Accident Association* v. *Sanderson,* 148 Ark. 195, 229 S. W. 714; *National Fire Insurance Company* v. *Kight,* 185 Ark. 386, 47 S. W. 2d 576; *Colorado Life Company* v. *Polk,* 191 Ark. 151, 83 S. W. 2d 534; *Broadway* v. *Home Insurance Company,* 203 Ark. 126, 155 S. W. 2d 889; *Life & Casualty Company* v. *Sanders,* 173 Ark. 362, 292 S. W. 657.

It must be conceded that the above cases support the general rule. There is, however, at least one factor (present here, we think) which makes the rule inapplicable. That is, if the insurer has previously refused to pay the "correct amount" claimed, making it necessary for the insured to employ counsel and file suit (for the "correct amount") then the penalty and fees are allowable even though the insurer confesses judgment for that amount. We have reviewed the cases cited by appellant and find that none of them are contrary to what we have just stated, but there are other decisions in support. In the case of *Globe & Rutgers Fire Insurance Company* v. *Batton,* 178 Ark. 378, 10 S. W. 2d 859, the Company denied all liability. Thereupon the insured brought suit and the Company admitted liability in the full amount of the policy. This court affirmed the judgment for the penalty and attorney's fee on the ground that the Company had compelled the insured to incur the expense of employing an attorney. To the same effect is *Commercial Union Assurance Company* v. *Leftwich,* 191 Ark. 656, 87 S. W. 2d 55. See, also, *Equitable Life Assurance Society of the*

*U. S.* v. *Gordy,* 228 Ark. 643, 309 S. W. 2d 330, where the facts are somewhat similar to the facts under consideration. In sustaining the penalty and attorney's fee the court, among other things, said: "But the insurance company refused to accept the offer to settle for the five year period, and therefore the policyholder was compelled to file suit." In the cited case, the insurer confessed judgment for the same amount finally demanded in the pleadings by the insurer.

It is true that in the case under consideration there was no specific demand, prior to filing suit, made by appellee and no corresponding specific denial thereof by appellant, but what did happen amounted to such demand and refusal. The court found, and it is not here denied, that appellee was, on and after May 8, 1959, entitled to the monthly payments, but shortly thereafter appellant by letter informed him in no uncertain terms that they would not make any more payments, and denied all liability. It was at this point, just as if there had been a specific demand and refusal, that appellee was forced to employ an attorney and commence litigation. This, we think, constituted a situation which falls within the spirit if not the letter of the previously mentioned Section 66-514. In material parts said Section reads:

> "In all cases where loss occurs (on) and the . . . insurance company . . . liability therefor shall fail to pay the same within the time specified in the policy, after demand made therefor, such person, firm, corporation and/or association shall be liable to pay the holder of such policy, in addition to the amount of such loss, twelve (12) per cent damages . . . together with all reasonable attorneys' fee for the prosecution and collection of said loss; . . ."

We have also concluded that the trial court was correct in allowing an attorney's fee in the amount of $1,250. It is true that this amount appears to be out of proportion to the actual amount of recovery but the court was entitled to consider the fact that the services of appellee's

attorneys tended to establish appellant's liability for future payments. See *New York Insurance Company* v. *Dandridge,* 204 Ark. 1078, 166 S. W. 2d 1030, and the *Gordy* case *supra.*

By stipulation it was established that appellant's potential liability under the policy has a present value to appellee of more than $20,000. In addition to this three reputable attorneys estimated a fair attorney's fee in this case to be approximately $5,000.

Appellee has requested the court to make an allowance for an additional attorney's fee for the prosecution of this appeal, and we have decided that the same should be allowed in the amount of $250.

Affirmed.

GEORGE ROSE SMITH, J., not participating.