AVALON CINEMA CORPORATION

v.

Reed W. THOMPSON, Individually and in His Official Capacity as Mayor of North Little Rock, Arkansas et al.

No. LR–C–80–586.

United States District Court,
E. D. Arkansas, W. D.

Jan. 22, 1981.

John H. Weston, Brown, Weston & Sarno, Beverly Hills, Cal., and John Wesley Hall, Jr., Little Rock, Ark., for plaintiff.

Jim Hamilton, City Atty., North Little Rock, Ark., for defendants.

## MEMORANDUM OPINION

ROY, District Judge.

Plaintiff filed this action requesting the Court to declare unconstitutional and to enjoin enforcement of North Little Rock Ordinance No. 5169.

Section 1 of the ordinance proscribes "within one hundred yards of a church, public or private elementary or secondary school, or an area restricted to residential use by the Comprehensive Zoning Ordinance of the City, or a public park adjacent to residential areas, a moving picture show or moving picture theater which exhibits, or any shop which offers for sale, a film that explicitly depicts:

(1) Contact between any part of the genitals of one person and the genitals, mouth, anus, or genitals of another person;

(2) Contact between a person's mouth, anus, or genitals and the mouth, anus, or genitals of an animal or fowl;

(3) Manipulation of a person's genitals;

(4) Defecation, or;

(5) Urination."

The plaintiff contends that the ordinance constitutes a violation of its first amendment right to free speech. The defendant contends that the ordinance is a valid exercise of its police power and was designed to preserve the quality of life in North Little Rock and to preserve the integrity of its neighborhoods. In support of this proposition, the defendant cites *Young v. American Mini Theaters, Inc.*, 427 U.S. 50, 96 S.Ct. 2440, 49 L.Ed.2d 310 (1976).

The Supreme Court in *Young, supra,* held that a zoning ordinance which required that adult theaters not be located within 1,000 feet of each other was not violative of the first amendment right of free speech. Such ordinance, it found, since it purported to minimize the destructive effects of such theaters on the community, was within the power of the City to enforce. The Court accepted the proposition of the City of Detroit that adult theaters, especially in concentration, have serious, unacceptable consequences in a community. These consequences include an undesirable quantity and quality of transients, adverse effects on property values, an increase in crime, especially prostitution, and encouraging residents and businesses to move elsewhere. 96 S.Ct. at 2445. The Supreme Court agreed with the District Court that the Detroit ordinance "represented a rational attempt to preserve the city's neighborhoods." *Id.*

■ It is well settled that speech, even "pure speech," may become "conduct" when it adversely affects the rights, safety, health, or welfare of others. Justice Holmes' example in *Schenk v. United States,* 249 U.S. 47, 39 S.Ct. 247, 249, 63 L.Ed. 470 (1919), is well known:

But the character of every act depends upon the circumstances in which it is done. [Citations omitted] The most stringent protection of free speech would not protect a man in falsely shouting fire in a theatre and causing a panic. It does not even protect a man from an injunction against uttering words that may have all the effect of force. [Citations omitted] The question in every case is whether the words are used in such circumstances and are of such a nature as to create a clear and present danger that they will bring about the substantive evils that Congress has a right to prevent.

■ However, the ordinance in question does not proscribe speech which has taken on the character of conduct. Rather, its purpose is to protect and preserve the neighborhoods and quality of life in the City of North Little Rock. As pointed out by Judge Celebrezze in his dissent to *American Mini Theaters v. Gribbs,* 518 F.2d 1014 (6th Cir. 1975), ordinances such as Ordinance No. 5169 are "valid 'time, place and manner' regulation," not restrictions of speech on the basis of content. Judge Celebrezze's views were, of course, adopted by the Supreme Court in *Young v. American Mini Theaters, Inc., supra.* He stated:

I do not view the 1000-foot provision as a regulation of speech on the basis of its content. Rather, it is a regulation of the right to locate a business on the side-effects of its location. The interest in preserving neighborhoods is not a subterfuge for censorship.

518 F.2d at 1023.

The Court finds that North Little Rock Ordinance No. 5169 does not seek to prevent the showing of adult films in the City of North Little Rock, but merely to prohibit the establishment of theaters which would exhibit certain well-defined, sexually explicit films in certain areas of that City.

The Supreme Court of the United States said, in *Village of Belle Terre v. Boraas,* 416 U.S. 1, 9, 94 S.Ct. 1536, 1541, 39 L.Ed.2d 797 (1974), that the police power "... is ample to lay out zones where family values, youth values, and the blessings of quiet seclusion

and clean air make the area a sanctuary for people."

 This is precisely what Ordinance No. 5169 seeks to do, though on a less grand scale. North Little Rock is, by passage of Ordinance No. 5169, attempting to eliminate "focal points for criminal behavior within family environments." (Memorandum of Points and Authority in Support of Defendants' Answer," p. 2).

> ... it also is undeniable that zoning, when used to preserve the character of specific areas of a city, is perhaps "the most essential function performed by local government, for it is one of the primary means by which we protect that sometimes difficult to define concept of quality of life."

*Young v. American Mini Theaters, Inc., supra,* 96 S.Ct. at 2457, quoting from *Village of Belle Terre v. Boraas, supra.*

In short, there is no first amendment issue herein. Rather, the issue is whether a community may protect its neighborhoods from declinational influences. *Young v. American Mini Theaters, Inc., supra,* held that it may. Therefore, the content of the films which the plaintiff intends to exhibit is incidental. The character of the establishment is the focus of the ordinance.

Plaintiff asserts that Ordinance No. 5169 is not within the guidelines of *Young v. American Mini Theaters, Inc., supra,* because the effect of the ordinance is not to widely disperse adult theaters by prohibiting their establishment within 1,000 feet of each other (as in *Young*), but to deny their establishment within 100 yards of residential zones and other specified uses. Such a narrow construction of *Young* is unjustified:

> The City's interest in attempting to preserve the quality of urban life is one that must be accorded high respect. Moreover, the City must be allowed a reasonable opportunity to experiment with solutions to admittedly serious problems.
> 96 S.Ct. at 2453.

Therefore, the Court finds that North Little Rock Ordinance No. 5169 is a proper,

constitutional means of defending the integrity of that City's neighborhoods. The plaintiff's prayer for declaratory and injunctive relief is denied, and the Complaint is dismissed, with prejudice.

The Court would further note that this Memorandum Opinion does not supersede the Findings of Fact and Conclusions of Law announced from the Bench the day of the trial of this cause, but supports and supplements those statements of the Court.