James SOUTHALL *v.* FARM BUREAU MUTUAL
INSURANCE CO. OF ARKANSAS, INC.

84-86                                    676 S.W.2d 228

Supreme Court of Arkansas
Opinion delivered October 1, 1984
[Rehearing denied November 13, 1984.]

*Davidson Law Firm,* for appellant.

*Laser, Sharp & Mayes,* for appellee.

P. A. HOLLINGSWORTH, Justice. This case presents the sole issue of the proper amount of attorneys' fees to be awarded the appellant's attorneys. The facts giving rise to this appeal are as follows. The appellant had a $130,000 insurance policy through the appellee, insuring his chicken house against direct loss by hail. In January 1978, the appellant's chicken house collapsed after being covered with an accumulation of sleet. The appellee refused to pay for the loss, contending that sleet was not covered by the policy. The appellant then filed suit which resulted in a jury verdict in favor of the insurance company. Appellant then appealed to this Court and we reversed, holding that sleet and hail were synonymous under the insurance policy. *Southall v. Farm Bureau Mutual Insurance Co. of Ark.,* 276 Ark. 58, 632 S.W.2d 420 (1982). Appellee then tendered its policy limits, $130,000, plus a twelve percent statutory penalty, $15,600, and six percent interest from sixty days after the date of the loss, $37,978, a total of $183,578. The question of attorneys' fees was submitted to the trial court, and after holding a hearing in which expert testimony and other evidence was presented, the court granted appellant attorneys' fees of $40,944. The appellant is appealing that award, claiming it is inadequate. The appellee has filed a cross-appeal claiming the award is grossly excessive. This appeal is before us under Sup. Ct. R. 29 (1)(j) as it involves a case which has previously been appealed to this Court.

Appellant asks us to award an amount in attorneys' fees of $73,431 (forty percent of $183,578) because this amount would fully reimburse him under his fee agreement with his attorneys. While appellant does not propose that we adopt a rule whereby we simply ratify the plaintiff's fee contract once liability has been found in insurance cases, he does urge us to adopt what the trial court characterized as the "made whole theory" for his case. The trial court rejected the theory that the governing statute requires the appellant to receive a

complete recovery so as to recover fees in accordance with the contract into which he and his attorneys entered. We affirm on both the appeal and cross-appeal.

The Legislature, not the courts, enacted Ark. Stat. Ann. § 66-3238 (Repl. 1980) providing for an award of a reasonable attorney's fee against an insurer who wrongfully refuses to pay under an insurance policy. Our task is simply to carry out this legislative command. The computation of allowable attorneys' fees under the statute is governed by familiar principles. These factors include the experience and ability of the attorney and the time and work required of him, the amount involved in the case and the results obtained, the fee customarily charged in the locality for similar legal services and whether the fee is fixed or contingent. *Equitable Life Assurance Society* v. *Rummell,* 257 Ark. 90, 514 S.W.2d 224 (1974). While courts should be guided by these factors, we have consistently held there is no fixed formula to be used in determining the reasonableness of a fee. *New Hampshire Ins. Co.* v. *Quilantan,* 269 Ark. 359, 601 S.W.2d 836 (1980); *Federal Life Insurance Company* v. *Hase,* 193 Ark. 816, 102 S.W.2d 841 (1937).

Appellant urges us to adopt a "made whole" result here because the fee requested passes the test of reasonableness in view of the factors in *Rummell,* and the fee represented the best offer from among the several lawyers he consulted. We do not read our cases to require us to compute fees mechanically and without question on the basis of a fee contract between the parties. It remains our duty to fix a fee that is reasonable. Automatic acceptance of a lawyer's contract with a client would be an abdication of our duty to supervise the conduct of the bar and do justice to the losing as well as the winning side. *Avalon Cinema Corporation* v. *Thompson,* 506 F. Supp. 526 (E.D. Ark. 1981).

There was an evidentiary hearing in the trial court which primarily consisted of the testimony of appellant's attorneys and two other local attorneys. The testimony that was elicited reflected that the attorneys were highly respected in the legal community. There was also testimony and evidence about the number of hours spent. On this factor the

trial court's task would have been aided had the time records of Mr. Jackson and Mr. Miller, the appellant's attorneys, been more precise. Time apparently was added up for blocks or groups of dates and services, and since appellant had the burden of proof on the issue of attorneys' fees, the trial court could not assume that certain types of services would require a certain amount of time. The award of an attorney's fee is a matter for the sound discretion of the trial court and in the absence of abuse, its judgment will be sustained on appeal. *Rummell, supra.* In reviewing the record before us, we conclude that the fee as awarded by the trial court was appropriate.

Affirmed.