MILLER'S MUTUAL INSURANCE CO. OF ILLINOIS
*v.* KEITH SMITH CO., INC.

84-155                                    680 S.W.2d 102

Supreme Court of Arkansas
Opinion delivered December 3, 1984

*R. Eugene Bailey,* and *Rick Sellers,* for appellant.

*Gale Stewart,* for appellee.

WEBB HUBBELL, Chief Justice. On March 20, 1980, appellee, Keith Smith Co., Inc., filed a complaint for $95,000.00 against appellant, Miller Mutual Insurance Company, for damages to its chicken houses. The case was

set for trial but was twice continued pending the outcome of a test case *Southall* v. *Farm Bureau Mutual Ins. Co.*, 276 Ark. 58, 632 S.W.2d 420 (1982).

Following our decision in *Southall,* the complaint was amended to ask for $130,000.00; a few weeks later the complaint was again amended to ask for $112,500.00. Appellant then confessed judgment but denied liability for penalty and attorneys' fees. The trial court awarded a penalty in the sum of $13,500.00 and attorneys' fees in the sum of $38,000.00. Appellant appeals alleging that appellee is not entitled to recover the statutory penalty or attorneys' fees. Appellant also asserts that the attorneys' fees in this case were excessive and unreasonble. We affirm in part and reverse in part.

Where an insured loss occurs and an insurance company fails to pay the loss within the time specified in the policy, then the insurance company is required to pay, in addition to the loss, a 12% penalty plus reasonable attorneys' fees. Ark. Stat. Ann. § 66-3238 (Repl. 1980). Since this statute is penal in nature, we strictly construe it. *Callum* v. *Farmers Union Mutual Ins. Co.*, 256 Ark. 376, 508 S.W.2d 316 (1974). The plaintiff must recover the exact amount claimed in order to collect the penalty and attorneys' fees. *Farm Bureau Ins. Co.* v. *Paladino,* 264 Ark. 311, 571 S.W.2d 86 (1978); *Southwestern Ins. Co.* v. *Camp,* 253 Ark. 886, 489 S.W.2d 498 (1973). We have also held that where a plaintiff reduced its claim against an insurance company to the correct amount and the company promptly confessed judgment for that amount, the trial court correctly refused to assess the penalty and attorneys' fees. *Armco Steel Corp.* v. *Ford Construction Co.*, 237 Ark. 272, 372 S.W.2d 630 (1963).

In the case at bar, appellee initially sued for $95,000.00. After our decision in *Southall* v. *Farm Bureau,* supra, appellee first amended its complaint to $130,000.00, then amended a few weeks later to ask for the correct amount, $112,500.00. Relying on *Armco Steel Corp.* v. *Ford Construction Co.,* supra, appellant asserts that since appellee reduced its claim to the correct amount, appellant should be able to confess judgment and avoid penalty and attorneys' fees.

However, appellee had initially sued for $95,000.00, and appellant had two years to pay the claim for less than the correct amount. If the insurer has previously refused to pay the correct amount claimed, the penalty and attorneys' fees are correctly assessed even though the insurer later confesses judgment. *Federal Life & Casualty Co. v. Weyer*, 239 Ark. 663, 391 S.W.2d 22 (1965); *Continental Casualty Co. v. Vardaman*, 232 Ark. 773, 340 S.W.2d 277 (1960); *Equitable Life Assurance Society of the U.S. v. Gordy*, 228 Ark. 643, 309 S.W.2d 330 (1958). When an insurance company has had a reasonable opportunity to pay a claim for an amount less than or equal to the correct amount due under the policy and the company fails to pay the claim, then the penalty and fees are properly allowed even though the insurer later confesses. judgment. Our holding in *Armco Steel* is not applicable to the facts in this case because appellant did have a reasonable opportunity to pay an amount less than what was due under the policy.

Appellant also asserts that the attorneys's fees in this case were excessive and unreasonable. The question of attorneys' fees was submitted to the trial court, and, after a hearing in which expert testimony and other evidence were presented, the court allowed fees in the amount of $38,000.00. An award of attorneys' fees is a matter within the sound discretion of the trial court, and, in the absence of abuse, its judgment will be sustained on appeal. *Southall* v. *Farm Bureau Mutual Ins. Co. of Ark.*, 283 Ark. 335, 676 S.W.2d 228 (1984); *Equitable Life Assurance Society* v. *Rummell*, 257 Ark. 90, 514 S.W.2d 224 (1974).

The computation of allowable attorneys' fees under the statute is governed by familiar principles: 1) experience and ability of the attorney; 2) time and work required of the attorney; 3) the amount involved in the case and the results obtained; and 4) the fee charged in the locality for similar service. *Southall* v. *Farm Bureau Mutual Ins. Co. of Ark.*, 283 Ark. 335, 676 S.W.2d 228 (1984). Appellant asserts that the number of hours spent by appellee's attorneys were excessive and that there was nothing unique about this case. Those arguments were raised at the trial court, and the court made certain specific findings: 1) attorney Jackson spent 52

hours, and the Miller firm spent 110 hours (the court disallowed 30.3 hours); 2) the difficulty and novelty of the question were unique; and 3) the time spent by the attorneys precluded representation of other clients. The trial court also found:

> The fee customarily charged in this community for cases of this type is a contingent fee of 1/3. However, the Rummell Rule, 257 Ark. 90 requires that the Court determine an amount that a well prepared attorney would charge to devote sufficient time to prepare the cause. The court finds that $80.00 per hour is a reasonable charge without considering the other factors. . . .

These specific findings of the trial court do not represent an abuse of discretion.

However, the court awarded a fee of $38,000.00. This amount represents an hourly rate of almost $240.00 per hour or three times the customary and reasonable charge in the area. While other factors must certainly be considered by a court in determining what constitutes a reasonable fee, the actual time spent and the customary reasonable charge in the area must play an important role. *Franklin Life Insurance Company* v. *Burgess*, 219 Ark. 834, 245 S.W.2d 210 (1952). In light of the trial court's finding, a premium over and above the customary hourly rate is appropriate, but tripling the hourly rate is excessive. We reverse the attorneys' fees award of $38,000.00 and approve a fee allowance of $14,904.00, $80.00 per hour plus a 15% premium. We also allow $1,500.00 additional attorney's fee to appellee's counsel for services rendered on appeal.

Affirmed in part; reversed in part.

HOLLINGSWORTH, J., dissents.

P. A. HOLLINGSWORTH, Justice, dissenting. The Court decides today to reduce attorney's fees in this case by almost $23,000 but does not discuss how the trial court abused its discretion. The trial court found that $80.00 an hour was a reasonable charge but obviously gave the attorneys involved

a premium following the principles which we have previously stated control these cases. The trial court's award should be sustained. There was an extensive hearing on this issue and I can see no abuse of the trial court's discretion. The Court today merely substitutes their judgment for that of the trial judge. We should not reverse matters within the sound discretion of the trial judge because of our different persuasion about an issue. The decision today discourages attorneys from accepting difficult and unusual cases. The purpose of the Act is to discourage insurance companies from acting arbitrarily in recognizing claims. The provision for the award is a punitive measure against the undesirable acts of the insurance industry but is also an incentive to encourage attorneys to represent litigants in the position of the appellee. We should not punish the attorneys for accepting difficult cases as this decision does today. I would sustain the award.