FARMERS UNION MUTUAL INSURANCE CO. *v.*
BLANKENSHIP.

5-1931                                    328 S. W. 2d 360

Opinion delivered November 2, 1959.

*Charles A. Wade,* for appellant.

*Arnold & Hamilton,* for appellee.

PAUL WARD, Associate Justice. We are here dealing primarily with the interpretation of certain language contained in a fire insurance policy.

Appellee, W. R. Blankenship, d/b/a Ashley County Saw Company, had for several years been engaged in the business of retailing chain saws and allied merchandise in Crossett, when on or about September 11, 1957, numerous articles of his merchandise were damaged allegedly as a result of a fire originating in his place of business. The merchandise was covered by a fire insurance policy insured by appellant, Farmers Union Mutual Insurance Company, which policy was in full force and effect at the time.

When appellant refused to pay the amount of damages demanded by appellee, suit was filed which resulted in a verdict and judgment in favor of appellee in the amount of $2,500.00 which was approximately $800.00 less than the amount sued for.

In seeking a reversal appellant sets forth four points, one point is not argued and the others can be adequately considered under two subdivisions, namely; One, the trial court erred in refusing to direct a verdict, and Two, there is no substantial evidence to support the full amount of the judgment. These assignments will now be discussed in the above order.

*One.* Appellant's motion for an instructed verdict is based upon the following factual situation. The policy insured against all "DIRECT LOSS AND DAMAGE BY FIRE". The proof shows that the saws and allied articles were not damaged by coming in contact with the flames but that they were damaged by a gaseous vapor caused by using a fire extinguisher in an effort to put out the fire, the vapor causing precision parts to corrode and deteriorate. Appellant makes no contention that the fire extinguisher was improperly designed or improperly used, but it does contend that the

above quoted language in the policy excludes loss or damage caused in the above manner.

Much stress is placed by appellant upon the word "DIRECT" found in the above quotation. Consequently, it is contended by appellant that the damage or loss under the above circumstances was not the *direct* result of the fire. Appellant appears to be correct in stating that the wording of this policy is different from the wording in the usual policy, and that this court has never had occasion to construe the phraseology used here.

Our investigation of the authorities from other jurisdictions drives us to conclude that appellant is liable under the provisions of its policy since the fire in this instance was the proximate cause of the loss or damage. In the case of *Princess Garment Company* v. *Firemans Fund Insurance Company of San Francisco,* 115 F. 2d 380, a policy was under consideration which insured "against all direct loss or damage by fire . . ." In that case the fire started some five hundred yards away and was spreading toward the insured's building. At the same time rising flood waters were threatening contents stored in the insured's building and apparently they could have been saved from the water had the fire chief not ordered all men out of the building preparatory to destroying it in an effort to prevent the fire from spreading. Damages under the policy were denied by the trial court. In reversing the trial court the Appellate Court, after stating the general rules relative to proximate cause, stated: "Applying the rule that the phrase 'all direct loss or damage by fire . . .' is not restricted to fire on the premises and that a loss would be held to be within such policies where a fire was a means or agency in causing it, we are of the opinion that there is substantial evidence in the record that the proximate cause of the loss complained of was the fire in question". In *O'Connor* v. *Queen Insurance Company of America,* 140 Wis. 388, 122 N. W. 1038, the insured lived in a rented house heated by a furnace. His servant built a fire in the furnace of material not supposed

to be used which caused intense heat and great volumes of smoke to escape into the several rooms and greatly damaged insured's property. The policy in force insured "against direct loss and damage by fire". The Supreme Court after reviewing numerous authorities relative to policies containing the phrase "direct loss or damage by fire" defined said words to "mean loss or damage occurring directly from fire as the destroying agency in contradistinction of remoteness of fire as such agency". In the same connection the court stated that "to render a fire the immediate or proximate cause of loss or damage it is not necessary that any part of the insured's property actually ignited or was consumed by the fire". For other decisions to this same effect see *Board of Commissioners, etc.* v. *Norwich Union Fire Insurance Society*, 51 F. Supp. 245; *California Insurance Company* v. *Union Compress Company*, 133 U. S. 387; see also Cyclopedia of Insurance Law (Couch) Vol. 6, Page 5304, § 1467 and Insurance Law and Practice (Appleman) Vol. 5, Page 219, § 3083.

In addition to what we have heretofore said we think it is clear from other provisions in appellant's insurance policy that appellee is entitled to recover in this instance for a loss occurring in the manner heretofore stated. The policy, under Standard Provisions, states: "This company shall not be liable for loss or damage caused directly or indirectly . . . by neglect of the insured to use all reasonable means to save and preserve the property at and after a fire or when the property is endangered by fire on neighboring premises". Under the above provisions of the policy it seems that appellee in this instance would have faced a dilemma when the fire broke out in his building, for if he had failed to try to extinguish the fire and protect his property then appellant would not have been liable. Since, however, appellee did attempt to extinguish the fire and save his property it would seem unjust if appellant should escape liability.

*Two.* We do not agree with appellant that there is no substantial evidence to support the amount of the verdict and judgment. In order to substantiate the amount of his damage appellee introduced the following testimony. Witness Bob Fallin who was an employee of the company from which appellee purchased his saws and accessories and who stated that, by virtue of his employment, he was ''familiar with chain saws and chain saw parts'', stated that he received a request from appellee to visit his shop and review the results of the fire. On the witness stand he was shown five sheets of paper which he identified as being a list of the parts which he examined and initialed. He then stated that he examined each piece shown on the inventory and stated that the iron and steel parts were rusted; that the magnesium parts were corroded or coated and that in each case it was not a surface condition but rather one that actually deteriorated the article involved.

''Q. In your opinion, were those parts suitable for resale?

A. No, sir, they were not.''

The total damage as set forth in the inventory or list amounted to $2,528.03. Similar testimony was offered by Bill Womack who was a chemical engineer and by Robert S. Williams who was a field representative for the Poulan Chain Saw Company which furnished saws to appellee. None of the testimony offered by appellee's witnesses was objected to, and each witness was fully cross-examined by appellant. It is true that there was other testimony tending to show less damage than that claimed by appellee but that is a situation **which** presents a jury question.

Under these circumstances we must conclude that there was substantial evidence to support the jury's verdict and the judgment of the trial court is accordingly affirmed.

Affirmed.