## CITY OF NORTH LITTLE ROCK *v.* Gladys GARNER et al

74-88                                                511 S.W. 2d 656

Opinion delivered July 22, 1974

*Sam Hilburn* and *Patrick H. Hays*, for appellants.

*Matthews, Purtle, Osterloh & Weber* by: *John I. Purtle*, for appellees.

LYLE BROWN, Justice. This is an appeal from an order of the lower court granting appellees' motion for summary judgment in their suit challenging the validity of annexation proceedings by the City of North Little Rock. Pursuant to Act 298 of 1971 (codified as Ark. Stat. Ann. § 19-307.1 et seq. Supp. 1973), the City Council of North Little Rock passed an ordinance providing for the annexation. An election was held and a majority of the qualified electors voting in the election approved the ordinance. Appellees, who are landowners in the area to be annexed, thereafter filed their remonstrance in

the circuit court objecting to the annexation upon several grounds, among them the fact that the ordinance did not contain an accurate description of the lands to be annexed; that the election was not held in the time or manner prescribed by law; and that the ordinance did not receive the approval of the qualified electors in the area affected. The lower court granted appellees' motion for summary judgment on the basis of the inaccurate description of the lands in the ordinance but held that the motion was not well taken as to the time and manner of calling the election.

On appeal the city argues that the land description contained in the ordinance was sufficient. However, the lower court was correct in granting summary judgment for appellees on this issue. The description in the ordinance provided: "A tract of land including all or parts of Section 17, 18, 20, 21, 22, 23, 24, 25, 26, 29, 33, 34, and 35, Township 2 North, Range 11 West; and all or parts of Sections 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 14, and 15, Township 1, North, Range 11 West, more particularly described as follows: . . ." Here was inserted a metes and bounds description starting at a point on the northeast city limits and ending at a point on the north bank of the Arkansas River where the southeast boundary of the city intersects the river. This description does not accurately describe the lands to be annexed since it only describes a line that does not connect to the starting point. As in *Parrish* v. *City of Russellville*, 253 Ark. 1000, 490 S.W. 2d 126 (1973), the description does not encircle any geographical area nor describe a geographical area. There is nothing in the description providing that the line follows the east boundary of the city from the ending point of the metes and bounds description back to the starting point. Since the city admitted that the description in the ordinance was the one voted upon in the annexation election, there was no geniuine issue as to any material fact, and appellees were entitled to judgment as a matter of law. Consequently, the lower court correctly granted summary judgment for appellees.

The city also contends it was error for the lower court to grant appellees' motion for summary judgment before ruling on the city's motion to require appellees to make their remonstrance more definite and certain. Though appellees never responded to the city's motion, they did amend their pleadings by adding two more remonstrants who owned land

in the area affected by the ordinance. The city made no request for a ruling on its motion and made no objection to the sufficiency of appellees' pleadings after the amendment. Furthermore, there has been no prejudice to the city since the motion to make more definite and certain requested information about issues which were not germane to a decision on appellees' motion for summary judgment. The city's motion would have required appellees to state specifically in what ways the annexation election failed to receive proper approval by the voters and to specify exactly which parcels of land were in classifications immune from annexation under the statute. Since the motion for summary judgment could be granted on the basis of the inaccurate land description, the issues raised in the city's motion to make more definite and certain were irrelevant. It was therefore not necessary for the lower court to rule on the city's motion before ruling on the motion for summary judgment.

Appellees have filed a cross-appeal from that portion of the lower court's order holding that their motion for summary judgment was not well taken as to the time and manner of calling the election. The annexation ordinance was passed by the city council on April 23, 1973, but the election was not held until June 5. This was more than thirty days after passage of the ordinance. Ark. Stat. Ann. § 19-307.2 (Supp. 1973) provides that such an ordinance shall not become effective until the question of annexation is submitted to the qualified electors of the annexing city and of the area to be annexed at the next general election or at a special election "to be called by the governing body of the municipality within thirty (30) days after the passage of such ordinance . . ."

Appellees contend that the recited statute requires the election to be *held* within thirty days after passage of the ordinance and that merely giving notice during that time that an election is to be held later is not sufficient compliance with the statute. However, this question is not properly before us since an order denying a motion for summary judgment is only an interlocutory order and is not appealable. Appellees cite *Wilson* v. *McDaniel*, 247 Ark. 1036, 449 S.W. 2d 944 (1970), for the proposition that an order denying a summary judgment is reviewable in conjunction with an appeal of an

1028

order granting summary judgment. However, the situation on appeal in the instant case is not the same as in *Wilson* v. *McDaniel*. There *both* parties had moved for summary judgment, and the lower court had granted appellees' motion. This court reversed and in doing so we stated that it was necessary to discuss appellants' alleged grounds for summary judgment in order to show that there were unresolved material issues which could only be disposed of after a trial. We relied on *Widmer* v. *Fort Smith Vehicle and Machinery Corporation,* 244 Ark. 971, 429 S.W. 2d 63 (1968), for the rule allowing review of certain interlocutory orders in conjunction with the appeal of a final judgment. The examples of such situations in *Widmer* were orders overruling motions for directed verdict and orders granting a new trial. The instant case does not come within the rule of either *Widmer* or *Wilson* v. *McDaniel*. Here it is not necessary to review the lower court's denial of summary judgment on certain grounds in order to sustain the granting of summary judgment on other grounds. If appellees were correct in contending that the denial of summary judgment is always reviewable in conjunction with an appeal of the granting of summary judgment, this court would be put in the position of having to render advisory opinions on issues not properly before us. Therefore the appellees must fail in their cross-appeal.

Affirmed on appeal and cross-appeal.