Tonya SMITH and William Smith  *v.*  FARM BUREAU MUTUAL
INSURANCE COMPANY of ARKANSAS, INC.

CA 03-1349                                                194 S.W.3d 212

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered September 29, 2004

24

*Gary Eubanks & Associates*, by: *Russell Marlin* and *Robert S. Tschiemer*, for appellants.

*Hardin , Jesson & Terry, PLC*, by: *J. Rodney Mills*, for appellee.

Andree Layton Roaf, Judge. Tonya and William Smith appeal from orders denying their motions for summary judgment and granting appellee Farm Bureau Mutual Insurance Company of Arkansas, Inc.'s (Farm Bureau) motion for summary judgment. Farm Bureau had sought a declaratory judgment that there was no coverage or duty to defend a claim the Smiths brought against a third party for personal injuries resulting from an explosion in a camper trailer. On appeal, the Smiths assert that (1) the trial court erred in denying their motion for summary judgment because an exclusionary clause contained in Farm Bureau's insurance policy was inapplicable since the camper trailer was not subject to registration; and (2) the trial court erred in granting Farm Bureau's motion for summary judgment because the camper trailer was not subject to registration, there existed a genuine issue of material fact regarding whether or not the camper trailer was subject to registration, and, in the alternative, the language in the exclusion is ambiguous and creates a jury question. We reverse and remand.

Appellant Tonya Smith was injured when a propane tank exploded in the camper trailer she and her husband William were using as a residence. The camper is non-motorized, but has wheels and a tongue, which can be used for towing. It was located on the property of Elmer and Edna Partain, one of the Smith's grandparents, when the explosion occurred. The Smiths had received the camper from William's father, Richard Smith, and it was moved a short distance to the Partain residence by a pickup truck. According to Tonya Smith, she was not sure whether the camper trailer was designed for travel, but the record indicates that it had been previously used for camping trips, and had been towed behind a pickup truck on the public roadway to the camping site. The camper had not been used for two years prior to the Smiths' using it as a residence. It was not registered in Arkansas, but bore Missouri tags.

On October 11, 2000, Elmer Partain attempted to repair a butane heater inside the camper, and directed Tonya Smith to light the heater. An explosion occurred and Tonya sustained personal injuries. The Smiths sued Elmer Partain, asserting negligence. The Partains' homeowner's insurance policy is issued by Farm Bureau. Section II of the policy addresses coverage for "Personal Liability Protection." It provides

> Subject to the limits of liability shown on your declaration, [Farm Bureau] will pay all sums, except punitive damages, arising out of any loss which [the insured, Elmer Partain] become(s) legally obligated to pay as damages because of bodily injury or property damage covered by this policy.
>
> If a claim is made or a suit is brought against you for damages because of bodily injury and/or property damage covered by this policy we, will defend you at our expense, using the lawyers of our choice. We are not obligated to defend you after we have paid an amount equal to the limit of our liability. We may investigate or settle any claim or suit as we think appropriate.

The policy also provides that each person who sustains bodily injury is entitled to protection when that person is "on an insured premises with your permission." Section II also contains "Exclusion" provisions, which provides in pertinent part:

> Unless special permission for coverage is granted by endorsement, certain types of losses are not covered by your policy. Under Personal Liability Coverage and Medical Payments to Others Coverage, we do not cover:
>
> 1. bodily injury or property damage arising out of the ownership, maintenance, or use of:
>
> * * *
>
> (b) a motor vehicle. This exclusion does not apply to golf carts while used for golfing purposes, or motorized lawnmowers when used to service your residence premises;

The policy defines "motor vehicle" as:

> a. a motorized land or amphibious vehicle designed for travel on or off public roads *or* subject to motor vehicle registration;

   b. a trailer or semi-trailer designed for travel on public roads *and* subject to motor vehicle registration. It does not include a boat or utility trailer not being towed by or carried on a motorized vehicle;

* * *

   e. any vehicle *while being towed* by or carried on a motorized vehicle;

(Emphasis added.)

Relying on the exclusionary provisions of the policy, Farm Bureau filed a complaint against both the Partains and the Smiths for declaratory judgment, requesting that the circuit court declare that there existed no coverage or duty to defend under the policy. Farm Bureau then filed a motion for summary judgment, and the Smiths filed a response to the motion and a cross-motion for summary judgment.

In its motion for summary judgment, Farm Bureau stated that it had denied Tonya Smith's claim for bodily injury because the insurance policy "explicitly excludes coverage for bodily injury or property damage arising out of the ownership, maintenance or use of a motor vehicle." Farm Bureau asserted that the "1978 Holiday Rambler was a motor vehicle designed for travel on public roads and was subject to motor vehicle registration as set forth in the policy." Therefore, Farm Bureau concluded, no genuine issue of material fact existed. Farm Bureau provided as exhibits to its motion, the policy, the negligence complaint filed by Tonya Smith against Elmer Partain, the Smiths' and Partains' answers to interrogatories and requests for admissions, and depositions of Richard Smith and Tonya Smith.

In his deposition, Richard Smith testified that Tonya and William were to use the camper as a residence until they bought a house. The camper did not have a motor and was not capable of self-propulsion. When it was transported for the Smiths, the camper was pulled approximately three-quarters of a mile on a public road. It was not registered, and had not been used for several years. Richard Smith stated that he could not say whether or not the camper had ever been registered, but that it had a Missouri license on it. He also stated that the previous owner, his wife's ex-husband, never indicated that the camper had been used in transportation or on any highway.

Tonya Smith also testified that the trailer had not been used in several years; that she and her husband were using the camper temporarily; that it did not have an engine; that it appeared to be capable of travel because it had a tongue where it could be hooked to a hitch; and that she did not know whether it had been registered.

The Smiths asserted in their response and cross-motion for summary judgment that the "non-motorized residential camper trailer in this case is not 'designed for travel on public roads *and* subject to motor vehicle registration.' Therefore, it falls outside the policy exclusion." They argued that as a matter of law, Farm Bureau's motion should be denied and that their motion should be granted. The Smiths argued that because the camper was not driven along a highway and was being used as a residence, it is not subject to registration. They further argued that any transportation of the camper on the public highways was incidental to its intended use.

In support of their cross-motion, the Smiths attached the affidavit of Fred Porter. Porter, the Administrator of the Office of Motor Vehicles, Arkansas Department of Finance and Administration, stated, "If a camper is not driven or moved on a highway in the State of Arkansas, and if it is used on a piece of property as a residence, it is not required to be registered or licensed by the State of Arkansas."

Farm Bureau denied that the camper was not subject to registration. It argued that Porter's affidavit was insufficient because it did not specifically identify the camper at issue in this case. Farm Bureau also asserted in its response to the Smiths' motion for summary judgment that if the camper was not a motor vehicle, but rather a residence, there would still be no coverage because the camper was not "an insured residence" under the policy, an alternative argument that it did not raise in its motions for summary judgment and does not make on appeal.

The trial court first denied both motions for summary judgment. Subsequently, the Smiths filed a second motion for summary judgment. They argued that the policy excluded coverage if the camper trailer was both "designed for travel on public roads and subject to motor vehicle registration," that the camper was not subject to registration, and that the policy exclusion thus did not apply. They argued that Porter testified that the camper was not subject to registration unless it was being towed, and noted

that the camper was being used as a residence. They further argued that, because the policy did not specifically address when the "subject to registration" requirement applied, it should be construed against Farm Bureau, with all doubts and inferences given to the insured. The Smiths attached a copy of the policy, a copy of Porter's deposition, excerpts from Tonya Smith's deposition, and incorporated by reference the parties' previous motions for summary judgment and exhibits attached thereto.

In Porter's deposition, he stated that one of his job duties involved making a determination of whether a motor vehicle or trailer must be registered. "The phrase 'subject to registration' means a vehicle that must be registered under the Arkansas vehicle registration laws." According to Porter's deposition, a non-motorized camper trailer that is being used as a residence on a parcel of land is not subject to registration because it is not being used on the roads and highways in the state of Arkansas. He stated that a camper sitting on a piece of property is not subject to registration until it is put on the roads. Even then the camper would only be subject to registration during the time in which it was being towed, after which the registration can be transferred away.

Porter admitted in his deposition that he had not seen the camper in question, but stated that based on the information provided by the Smiths' counsel, the camper would qualify as a "semi-trailer." A semi-trailer is a trailer that has some of its weight carried on a towing unit, and some of the weight carried on the vehicle itself. Porter concluded that the camper in this case would be subject to registration while being towed, but not subject to registration while it was placed on the property in question.

Farm Bureau responded to the Smiths' second motion for summary judgment and renewed its motion for summary judgment. The motion essentially denied the Smiths' assertion that the camper was not subject to registration and was not a motor vehicle designed for travel on the public roads. Farm Bureau further contended that the language at issue was clear and unambiguous; that there existed no genuine issue of material fact in regard to whether it owed any coverage or duty to defend; and that it was entitled to summary judgment as a matter of law.

The trial court issued orders denying the Smiths' motion for summary judgment and granting the motion as to Farm Bureau. The court found that the policy did not provide coverage for

Smith's injuries or a duty to defend; that there was no genuine issue of material fact in this regard; and that Farm Bureau was entitled to summary judgment as a matter of law. The Smiths appeal the orders denying their motion for summary judgment and granting Farm Bureau's motion for summary judgment.[1]

On appeal, the Smiths argue that the trial court erred in both denying their motions for summary judgment and in granting summary judgment to Farm Bureau. Summary judgment should be granted only when it is clear that there are no genuine issues of material fact, and the party is entitled to judgment as a matter of law. *Spears v. City of Fordyce*, 351 Ark. 305, 92 S.W.3d 38 (2002).

Once the moving party has established a *prima facie* entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On review, we must determine whether there are any genuine issues of material fact. *Id.* In our review, we consider whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* All proof is viewed in the light most favorable to the party resisting the motion, with all doubts and inferences resolved against the moving party. *Walker v. Stephens*, 3 Ark. App. 205, 626 S.W.2d 200 (1981).

The law regarding construction of insurance policies is well settled. *Castaneda v. Progressive Classic Ins. Co.*, 357 Ark. 345, 166 S.W.3d 556 (2004). Once it is determined that there is coverage, it must be determined whether the exclusionary provisions in the policy eliminate coverage. *Id.* Exclusionary endorsements must adhere to the general requirements that the insurance terms must be expressed in clear and unambiguous language. *Id.* If the language is unambiguous, we give effect to the plain language of the policy. *Id.* If the language is ambiguous, then we resort to the rules of construction. *Id.* The construction and legal effect of a written contract are matters to be determined by the court. *Smith v. Prudential Property and Casualty Ins. Co.*, 340 Ark. 335, 10 S.W.3d 846 (2000). Provisions of an insurance policy are construed most strongly against the insurance company, which prepared it. *Id.* If reasonable construction can be given to the policy, which would justify recovery, it is the court's duty to do so. *Id.* If the language

---

[1] Although the Partains were parties to the declaratory-judgment action, they do not appeal from the trial court's granting of summary judgment.

of the policy is susceptible to two interpretations — one favorable to the insured and one favorable to the insurer, then the interpretation most favorable to the insured must be adopted. *Id.*

Ordinarily, the question of whether the language of an insurance policy is ambiguous is one of law to be resolved by the court. *Nichols v. Farmer*, 83 Ark. App. 324, 128 S.W.3d 1 (2003) (citing *Elam v. First Unum Life Ins. Co.*, 346 Ark. 291, 57 S.W.3d 165 (2001)). Where, however, parol evidence has been admitted to explain the meaning of the language, the determination becomes one of fact for the jury to determine. *Id.* Where there is a dispute as to the meaning of a contract term or provision, be it an insurance or other contract, the trial court must initially perform the role of gatekeeper, determining first whether the dispute may be resolved by looking solely to the contract or whether the parties rely on disputed extrinsic evidence to support their proposed interpretation. *Id.* As Justice George Rose Smith explained, "[t]he construction and legal effect of written contracts are matters to be determined by the court, not by the jury, *except when the meaning of the language depends upon disputed extrinsic evidence.*" (Emphasis added.) *Southhall v. Farm Bureau Mut. Ins. Co.*, 276 Ark. 58, 632 S.W.2d 420 (1982). Thus, where the issue of ambiguity may be resolved by reviewing the language of the contract itself, it is the trial court's duty to make such a determination as a matter of law. *Elam v. First Unum Life Ins. Co.*, 346 Ark. 291, 57 S.W.3d 165 (2001). On the other hand, where the parties go beyond the contract and submit disputed extrinsic evidence to support their proffered definitions of the term, this is a question of fact for the jury. *Id.* In the latter situation, summary judgment is not proper. *Id.*

An order denying a motion for summary judgment is only an interlocutory order and is not appealable. *City of North Little Rock v. Garner*, 256 Ark. 1025, 511 S.W.2d 656 (1974). Review of certain interlocutory orders is allowed in conjunction with the appeal of a final judgment. *Id.* Thus, an order denying summary judgment may be reviewable in conjunction with an appeal of an order granting summary judgment. *See id.*

In *Wilson v. McDaniel*, 247 Ark. 1036, 449 S.W.2d 944 (1970), the supreme court stated, "certain interlocutory orders are reviewable in conjunction with a final judgment; an order granting summary judgment is a final order, and therefore is appealable." In

*Wilson, supra,* both parties had filed motions for summary judgment, and the trial court granted summary judgment to the appellees, which effectually denied summary judgment to the appellants. The supreme court stated that, although the denial of the appellant's motion for summary judgment was interlocutory, it was necessary to discuss the appellant's alleged grounds for summary judgment in order to show that there were unresolved material issues, which could only be disposed of after a trial. Accordingly, we will consider both the Smiths' and Farm Bureau's grounds for summary judgment in deciding if summary judgment was proper in this case.

With these principles in mind, we consider the Smiths' arguments regarding the grant of summary judgment to Farm Bureau. The relevant provision of the Farm Bureau policy at issue excludes from liability and medical-payment coverage bodily injury arising from use of a "motor vehicle." Farm Bureau's definition of "motor vehicle" includes definitions for both motorized and nonmotorized vehicles. Unlike the motorized vehicle definition, a trailer or semi-trailer must be both designed for travel on public roads *and* subject to motor vehicle registration to be excluded. (Emphasis added.) However, one must further examine the relevant Arkansas statutory provisions to determine whether and under what conditions a vehicle or other object is "subject to" motor vehicle registration. In this regard, Ark. Code Ann. § 27-14-703 (Repl. 2004) provides in pertinent part:

> Every motor vehicle, trailer, semitrailer, and pole trailer *when driven or moved upon a highway* and every mobile home shall be subject to the provisions of this chapter except:
>
> * * *
>
> (2) Any vehicle which is driven or moved upon a highway only for the purpose of crossing such a highway from one (1) property to another[.]

(Emphasis added.) "Semitrailer" means every vehicle with or without motive power, other than a pole trailer, designed for carrying persons or property and for being drawn by a motor vehicle and so constructed that some part of its weight and that of its load rests upon or is carried by another vehicle. Ark. Code Ann. § 27-14-210 (b) (Repl. 2004).

The camper trailer in this case is best categorized as a semi-trailer. It meets the definition of Ark. Code Ann. § 27-14-

210(b), and Porter testified that the camper trailer would be classified as a semi-trailer. Richard Smith explained that when moved, the camper trailer was attached to the back of a pickup truck and towed to its destination. Tonya Smith described a tongue on the camper trailer that could be "hitched" to another vehicle for towing. Porter also explained that based on the information he received, the camper trailer would be classified as a semi-trailer because only part of its weight rests on the towing vehicle.

Thus, under the plain language of Farm Bureau's policy, coverage for injuries arising out of operation or use of a nonmotorized semitrailer is excluded when the semi-trailer is "designed for travel on the public roads *and* is subject to registration." The phrase is conjunctive and requires proof of both clauses. However, on appeal, the Smiths argue against the effectiveness of the exclusionary clause only with regard to the "subject to registration" language.

■ We agree with the Smiths that the policy language, when coupled with the relevant statutory provisions, does not clearly exclude liability coverage for a semitrailer used solely as a residence. Farm Bureau in essence contends that the exclusion clause be broadly construed to include the "type of" trailer that is "capable of" being registered pursuant to Arkansas motor vehicle laws. However, the definition employed, in contrast with that for motorized vehicles, which encompasses vehicles designed for travel *on or off* public roads, *or* subject to motor vehicle registration, is not so clear and explicit as Farm Bureau would suggest. (Emphasis added.)

The Smiths also provided the opinion testimony of the Administrator of the State Office of Motor Vehicles in support of their defense to Farm Bureau's motions and their own motions for summary judgment, who unequivocally stated that the camper trailer in question was not subject to registration based upon its use as a residence. Moreover, the relevant Arkansas statute states that a semitrailer shall be "subject to registration" only "when driven or moved upon a highway," providing a temporal aspect to the term in question that is absent from the interpretation put forth by Farm Bureau.

■ Here, although both parties went beyond the four corners of the policy, and relied upon some extrinsic evidence to

support their respective interpretations, this extrinsic evidence was not in conflict. Accordingly, it was the trial court's duty to determine whether the policy language was ambiguous, and we agree that the trial court erred in failing to find that it was ambiguous.

Reversed and remanded for further proceedings to determine damages.

PITTMAN, HART, and ROBBINS, JJ., agree.

BAKER, J., concurs.

VAUGHT, J., dissents.

KAREN R. BAKER, Judge, concurring. I agree with the majority that we must reverse and remand the trial court's grant of summary judgment in this case. I also agree that the construction and legal effect of a written contract are matters to be determined by the court. *Smith v. Prudential Property and Casualty Insur. Co.*, 340 Ark. 335, 10 S.W.3d 846 (2000). Moreover, where the meaning of a contract does not depend on disputed extrinsic evidence, the construction and legal effect of the policy are questions of law. *Tunnel v. Progressive Northern Ins. Co.*, 80 Ark. App. 215, 95 S.W.3d 1 (2003). Here, the primary issue does not involve a question of fact concerning the camper trailer, but rather the construction and legal effect of the terms of the insurance policy, specifically the meaning of the term "subject to registration" and whether under the undisputed facts the camper trailer was subject to registration. *See e.g., Nichols v. Farmers Ins. Co.*, 83 Ark. App. 324, 128 S.W.3d 1 (2003).

The facts regarding the camper trailer are not in dispute. Therefore, determining whether the trailer was "subject to registration" is a question of law. The majority is correct in concluding that the policy language does not clearly exclude liability coverage for the camper trailer. It was therefore the trial court's duty to construe the policy language to find that the camper trailer was not subject to registration at the time of the accident. *See Castaneda v. Progressive Insurance Classis Insur. Co.*, 357 Ark. 345, 166 S.W.3d 556 (2004). Because the camper trailer was not subject to registration, the trial court erred not only in granting summary judgment to Farm Bureau, but also in denying the Smiths' motion for summary judgment.

Accordingly, I concur.

Larry D. Vaught, Judge, dissenting. I dissent because I believe that the trial judge was correct and should be affirmed. The majority misconstrues the decision below by holding that the policy must be ambiguous because the parties relied on extrinsic evidence to support their arguments. While evidence was presented in support of cross-motions for summary judgment, there is no indication that the trial court considered anything other than the policy itself in ruling that the trailer was covered by the exclusion. Because the policy was not ambiguous, and the trailer was "designed for travel on the public roads and is subject to registration," I would affirm.

The facts are set forth in the majority opinion and are not in issue. No one disputes the nature of the vehicle in question; it is a camper trailer and fits the policy definition of a semi-trailer, which is excluded if designed for travel on the public roads and subject to registration. When the character of a vehicle is in question, courts must consider "(1) the vehicle's actual use, (2) the design and intended use by the manufacturer[,] and (3) how it is commonly used." *Nationwide Mut. Ins. Co. v. Worthey,* 314 Ark. 185, 189, 861 S.W.2d 307, 309 (1993). The undisputed facts available to the trial court were sufficient to conclude that the trailer was used on the road, was designed to be used on the road, and was commonly used on the road.

The deposition testimony of Mr. Porter of the DFA is not dispositive of the issue of whether the vehicle is subject to registration. His testimony only indicates that DFA would not have cited the vehicle's owner for failure to register when the vehicle was being used as a residence. It does not mean that the vehicle was not subject to registration if used on the road. If the appellants' interpretation of Mr. Porter's testimony were accepted, then there could never be a vehicle subject to registration and excluded from policy coverage unless the accident actually occurred while the vehicle was being used on the road, and that is not the nature of the exclusion. The decision of the trial court did not refer to Mr. Porter's testimony, and the testimony was not necessary to the court's ruling. The court interpreted the policy as a matter of law and correctly held that the vehicle was excluded as a motor vehicle. Therefore, I would affirm.