

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–16–1076

JEFFERY FORD AND SARAH FORD
APPELLANTS

V.

SAFECO INSURANCE COMPANY OF
AMERICA
APPELLEE

Opinion Delivered: May 31, 2017

APPEAL FROM THE PULASKI
COUNTY CIRCUIT COURT,
SIXTH DIVISION
[NO. 60CV–15–943]

HONORABLE TIM FOX, JUDGE

REVERSED AND REMANDED

## MIKE MURPHY, Judge

Jeffery and Sarah Ford brought suit against their homeowner's insurance provider,
Safeco Insurance Company of America, for denying a claim the Fords allege was caused by
a plumbing leak. Safeco moved for summary judgment, and the trial court granted it. The
Fords now appeal, asserting that the trial court erred in granting summary judgment. We
reverse and remand.

In May 2014, the Fords noticed a low spot in their living room floor. A foundation-
repair contractor suspected a plumbing leak. An initial plumbing inspection in May did not
detect a problem, but a second test in July concluded there was a leak somewhere under the
house. The Fords filed a claim with their homeowner's insurance provider, Safeco, the same
day the leak was detected. Safeco denied the claim. The estimate to repair the damage was
about $75,000.

The Fords filed a complaint against Safeco alleging that the claim was covered under their insurance policy and that Safeco had breached the contract by denying it. Safeco moved for summary judgment, asserting that the denial was proper because the policy explicitly excludes loss caused by both (1) settling of foundations or floors and (2) continuous or repeated leakage or seepage of water that occurs over a period of weeks, months, or years.

To support its first point, Safeco included with its motion an affidavit from an engineer who stated that, in his professional opinion, "at the time of construction of the Plaintiffs' home, there was inadequate compaction of the fill material below the concrete slab foundation," and that "[a]s a result, the fill material has been settling over time, which in turn caused the concrete slab foundation to settle." As to the second point, Safeco reasoned that the Fords noticed the damage in May but did not make their claim until July; thus, to the extent a drain-line leak caused or contributed to the damage, it "would have been occurring over a period of weeks by the time Plaintiffs submitted the Claim to Safeco."

The Fords responded with deposition testimony that they contacted Safeco as soon as they knew a leak existed and provided an affidavit from their own expert, who attested that "the damage to the Plaintiffs' home was caused by a mechanical failure in the plumbing system located at the premises" and that "[i]t is not possible to determine with any certainty when the plumbing system failure occurred, and any opinion as to the time of the plumbing malfunction would be speculative at best."

In a one-paragraph order devoid of findings or conclusions, the trial court granted the motion in favor of Safeco, and the Fords now appeal. The sole issue on appeal is whether the trial court erred in granting summary judgment.

Summary judgment should be granted only when it is clear that there are no genuine issues of material fact, and the party is entitled to judgment as a matter of law. *Smith v. Farm Bureau Mut. Ins. Co. of Ark.*, 88 Ark. App. 22, 30–31, 194 S.W.3d 212, 218–19 (2004). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On review, we must determine whether there are any genuine issues of material fact. *Id.* All proof is viewed in the light most favorable to the party resisting the motion, with all doubts and inferences resolved against the moving party. *Id.*

Safeco contends that the damages sustained by the Fords are excluded under the policy and that summary judgement was proper. The policy covers "accidental direct physical loss" to the home "except as limited or excluded." A list of those limitations and exclusions ensue. Of note, the policy excludes loss caused "directly or indirectly" by "continuous or repeated seepage or leakage of water or steam, or the presence or condensation of humidity, moisture or vapor which occurs over a period of weeks, months or years" or "settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations, walls, floors, roofs, ceilings, swimming pools, hot tubs, spas or chimneys." It also specifically excludes loss from "water damage," except in cases of "overflow and escape caused by malfunction" or "obstruction . . . of a drain or plumbing appliance."

Which provision of the policy may or may not apply, however, simply cannot be ascertained at this juncture. We must first know what *caused* the damage. Succinctly, the Fords argue a plumbing malfunction caused the damage to their home, and Safeco refutes the same. On summary judgment, the Fords discarded the shielding cloak of formal

allegations and supported their claim with deposition testimony, an expert affidavit, a loss report, and coverage-denial letters from Safeco (each letter asserting a different policy exclusion in support of the denial). Our caselaw is replete with the proposition that causation is almost always a question of fact for the jury and not appropriate for summary judgment. *Green v. Alpharma, Inc.*, 373 Ark. 378, 395, 284 S.W.3d 29, 42 (2008).

Safeco argues that it is immaterial whether a plumbing leak also caused, or contributed to, the damages to the Fords' home because of the broad lead-in clause preceding the exclusions. That clause reads as follows:

> We do not cover loss caused directly or indirectly by any of the following excluded perils. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damages or affects a substantial area.

Safeco's argument is not persuasive. This provision still contemplates first assigning a "cause" to the loss. Safeco would have us put the cart before the horse in interpreting the insurance policy to deny coverage without ever establishing the cause of the loss. Only when causation is established can it be determined whether and which exclusionary provisions might apply. An award of summary judgment was in error.

Reversed and remanded.

VIRDEN and WHITEAKER, JJ., agree.

*Cullen & Co., PLLC*, by: *Tim J. Cullen*, for appellants.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Stuart P. Miller* and *Kelly D. Marchand*, for appellee.