Cite as 2020 Ark. App. 266

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CV–19–364

|  |  |
|---|---|
| JOHN FARR | **Opinion Delivered:** April 22, 2020 |
| APPELLANT | APPEAL FROM THE PHILLIPS COUNTY CIRCUIT COURT [NO. 54CV-16-248] |
| V. | |
| NORTHFIELD INSURANCE COMPANY | HONORABLE CHALK MITCHELL, JUDGE |
| | AFFIRMED |
| APPELLEE | |

## WAYMOND M. BROWN, Judge

John Farr appeals the summary-judgment order entered by the Phillips County Circuit Court in favor of Northfield Insurance Company ("Northfield"). On appeal, Farr argues that genuine issues of material fact exist making summary judgment improper. We affirm.

The undisputed facts of the case follow. In 2005, Farr, the owner of the premises located at 909 Poplar Street, Helena, Arkansas, converted the property from a residence to a preschool and leased it to his stepdaughter, Jacqueline Mills. Mills operated R & J's Preschool in the building until the preschool closed in December 2014. While Mills continued to use the premises for file storage and office work, the preschool never reopened

and students did not return.[1]  The water to the building was turned off in June 2015.[2]  On August 15, the building suffered substantial fire damage, amounting to a total loss.

At the time of the fire, the property was insured as a daycare business through Northfield with a commercial insurance policy effective November 6, 2014, to November 6, 2015.  Northfield denied coverage of the fire loss because the building had been vacant for more than thirty consecutive days at the time of the loss.  Farr requested that Northfield reconsider the claim, arguing that the building was not vacant because "my tenant Ms. Jacqueline Mills has been renting this property from 2005 until the day of the fire."  Northfield again denied coverage for the fire loss stating, "The customary operations of the property, a daycare business, were closed down in December 2014."

Following Northfield's denials of coverage, Farr filed a complaint against Northfield seeking to recover $74,000 under the property insurance policy for damages sustained as a result of the fire.  Northfield moved for summary judgment stating, "The Northfield insurance policy issued to Mr. Farr excluded coverage if the 'customary operations' at the building ceased more than 30 consecutive days before the loss, making the building 'vacant' under the policy language."[3]  Because the building was deemed "vacant" under the terms

[1]On December 18, 2014, Mills was indicted for wire fraud, bribery of a state agent, and conspiracy stemming from her alleged misuse of preschool funds; the preschool was closed that same day, and Mills repurposed the building to work on her criminal case.

[2]Other utilities to the building had also been disconnected; electricity was turned off in late spring/early summer and natural gas was disconnected approximately one to two weeks prior to the fire.

[3]Northfield assumed that Mills's use of the property as a preschool was consistent with the occupancy description in the policy as a daycare.

of the policy, the policy provided no coverage for the damages suffered as a result of the fire.

In opposition to Northfield's summary-judgment motion, Farr argued that at the time of the fire, the customary use of the building was as an "office storage building as opposed to a preschool." Farr stated that "the building was neither vacant nor had customary operations ceased at the time of the fire."

The circuit court granted Northfield's motion for summary judgment finding that from December 2014 until the building was damaged in August 2015, the building was not used for its customary operations and therefore was vacant under the terms of the insurance policy. Farr now appeals.

Summary judgment should be granted only when it is clear that there are no genuine issues of material fact, and the party is entitled to judgment as a matter of law.[4] Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact.[5] On review, we must determine whether there are any genuine issues of material fact, viewing all proof in the light most favorable to the party resisting the motion, with all doubts and inferences resolved against the moving party.[6]

---

[4]*Smith v. Farm Bureau Mut. Ins. Co. of Ark.*, 88 Ark. App. 22, 194 S.W.3d 212 (2004).

[5]*Id.*

[6]*Id.*

On appeal, Farr argues that the business description contained in the insurance policy listed him as the property owner, and as the owner he had no control over Mills's activities within the leased building. He asserts that Northfield "wants to use the status of the tenant to declare that [he] should not be paid." However, before the circuit court, Farr's argument was that the building was not vacant nor had the customary use of the building ceased when the loss occurred. A party is bound by the nature and scope of the objections and arguments made at trial and may not enlarge or change those grounds on appeal.[7] Here, because Farr has abandoned the argument he made before the circuit court and now brings forth a new argument for the first time on appeal, it is not preserved for our review.

In his appellate reply brief, Farr asserts that Northfield's inclusion of the policy-declarations page as an exhibit to its motion for summary judgment was sufficient to preserve the issue for appeal because the policy lists him as the property owner thereby preserving any argument he now makes related to that status. We disagree. Farr's failure to obtain a ruling on the issue before the circuit court is fatal to the preservation of the argument.[8]

Moreover, we note that had Farr's argument been properly preserved for appellate review, this court would not consider his argument due to his failure to cite any legal authority. Arkansas appellate courts have repeatedly held that assertions of error will not be considered when the appellant's argument is unsupported by legal authority.[9] Farr's two-

---

[7]*Garrison v. Hodge*, 2018 Ark. App. 558, 565 S.W.3d 107.

[8]*See Longley v. Gatewood*, 2017 Ark. App. 48, 512 S.W.3d 683.

[9]*See City of Greenbrier v. Roberts*, 354 Ark. 591, 127 S.W.3d 454 (2003); *see also Dixon v. State*, 260 Ark. 857, 545 S.W.2d 606 (1977) (holding that the court will not research the law for an appellant).

4

and–a–half-page argument contains no citation to legal authority aside from the standard of review; this is insufficient to make a convincing legal argument.[10]

Affirmed.

GLADWIN and WHITEAKER, JJ., agree.

*J.F. Valley, Esq., P.A.*, by: *James F. Valley*, for appellant.

*Quattlebaum, Grooms & Tull PLLC*, by: *E.B. Chiles IV* and *R. Ryan Younger*, for appellee.

---

[10]*See Matthews v. Jefferson Hosp. Ass'n*, 341 Ark. 5, 14 S.W.3d 482 (2000) (finding that appellant's argument was unsupported by legal authority when the only citations provided set out the standard of review).